Argued February 21, appeal dismissed March 20, reconsideration denied May 3, petition for review denied July 6, 1978, 283 Or 1

BRODINE, *Appellant,*

*v.*

EMPLOYMENT EXCHANGE, INC., *Respondent.*

(No. 171529, CA 9346)

576 P2d 384

James A. Cox, Lake Oswego, argued the cause and filed the brief for appellant.

W. A. Franklin, Portland, argued the cause for respondent. With him on the brief was Franklin, Bennett, Ofelt & Jolles, P.C., Portland.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

[ 237 ]

## SCHWAB, C. J.

Plaintiff brought this breach of contract action against defendant for wages owed on a written contract of employment. Defendant filed a motion to abate the action so that arbitration could be held as provided for by the employment contract. The trial court granted the motion and entered the following order:

> "On September 23, 1977 an order was entered in this case abating the action so that arbitration could be had in accordance with the terms of the employment agreement. The plaintiff does not wish to proceed to arbitration. Therefore, in order that this action may be terminated by an appealable judgment, and pursuant to stipulation of the parties:

> "It is hereby ordered and adjudged that the plaintiff may not maintain this action, but must proceed to arbitration in accordance with the terms of the employment agreement; and therefore the plaintiff shall take nothing by his complaint and judgment is hereby entered in favor of the defendant."

Plaintiff appeals.

In *Jackson v. Penny Duquette Knits,* 276 Or 465, 555 P2d 201 (1976), the Supreme Court held that an order of abatement for the purpose of arbitration was not a judgment for purposes of appeal as required by ORS 19.010(2)(a).[1] 276 Or at 468. Thus, "[r]eview of the order of abatement must await the appeal authorized by ORS 33.340."[2] 276 Or at 468-69. The

---

[1] ORS 19.010(2)(a) provides:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"(a) An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein."

[2] ORS 33.340 provides:

"Whenever no objection is made to the entering of judgment after award, judgment shall be entered according to the award and shall have the force and effect of a judgment obtained in a court of record

plaintiff may contest the trial court order compelling arbitration at that time. Jurisdiction may not be conferred by stipulation.

Appeal dismissed.

after default, but whenever any judgment is entered after objection on the part of any party by the order of such court, such judgment shall be subject to appeal to the higher courts in the manner provided by law for taking appeals to such courts. The right to except to or review an award or to appeal from a judgment thereon shall not be circumscribed or abridged by any contractual provisions; nor shall any burden or penalty, other than such as are provided by law, be imposed by anyone against any party who excepts or appeals."