INDUSTRIAL LEASING CORPORATION, *Appellant,*
*v.*
VAN DYKE et al, *Respondents.*
(No. 424-150, SC 25496)
591 P2d 352

Ridgway K. Foley, Jr., of Souther, Spaulding, Kinsey, Williamson & Schwabe, Portland, argued the cause for appellant. With him on the briefs was Clifford E. Nelson, Portland.

Miles A. Ward, Portland, argued the cause for respondents Van Dyke. With him on the brief were Burrows & Greene, Ernest J. Burrows and Martin J. Howard, Portland.

Peter C. Richter, Portland, argued the cause for respondents Cox. With him on the brief were Miller, Anderson, Nash, Yerke & Wiener, and Hugh C. Downer, Portland.

Before Denecke, Chief Justice, and Holman, Howell, and Lent, Justices.

HOLMAN, J.

**HOLMAN, J.**

Plaintiff brought an action to secure indemnification for breach of a lease of personal property. The defendants-indemnitors were the principal owners of the corporate lessee. The defendants Cox brought a third-party claim against the defendants Van Dyke, asking that the Van Dykes be required to hold the Coxes harmless from plaintiff's claim for indemnification. There were many other controversies between the Van Dykes and the Coxes which were alleged as third-party claims but they had nothing to do with plaintiff's claim for indemnity. The trial court severed *for trial* plaintiff's claim for indemnification from the third party claims between the Van Dykes and the Coxes. Plaintiff's claim, which was tried first, resulted in judgments for defendants based on involuntary nonsuits. Plaintiff appealed. The third-party claims between the defendants were not adjudicated until long after plaintiff prosecuted these appeals from the judgments of involuntary nonsuit.

■ While the defendants have not raised the issue, this court questioned its jurisdiction to hear these appeals because of the provisions of ORS 19.010(2)(e) and 18.125 and asked for such memoranda as the parties cared to submit. If the court is without jurisdiction to hear this appeal, it is its duty to dismiss the appeal on its own motion. *Martin v. City of Ashland et al,* 233 Or 512, 514, 378 P2d 711 (1963); *State v. Jairl,* 229 Or 533, 559, 368 P2d 323 (1962); *McEwen et ux v. McEwen et al,* 203 Or 460, 470-71, 280 P2d 402 (1955). ORS 19.010 provides in part:

> "Appealable judgments, decrees and orders; amount in controversy; appeals in special proceedings. (1) A judgment or decree may be reviewed on appeal as prescribed in this chapter.
>
> "(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
> "* * * * *.
>
> "(e) A final judgment or decree entered in accordance with ORS 18.125.
> "* * * * *."

[377]

ORS 18.010 states in part:

> "Final judgment, decree and order defined. (1) A final judgment shall include both the final determination of the rights of the parties in an action or special proceeding as well as a final judgment entered pursuant to ORS 18.125.

> "(2) The final determination of the rights of the parties to a suit includes decrees as well as final judgments entered pursuant to ORS 18.125.

> "* * * * *."

ORS 18.125 provides:

> "Judgment for less than all causes or parties in suit or action; stay of enforcement. (1) When more than one demand for relief is presented in a suit or action, whether as multiple causes of suit or action, counter-claims, cross-claims, or third-party actions or suits, or when multiple parties are involved, the court may direct the entry of a final judgment or decree as to one or more but fewer than all of the causes of suit or action or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment or decree. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the causes of suit or action or the rights and liabilities of fewer than all the parties shall not terminate the proceeding as to any of the causes of suit or action or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment or decree adjudicating all the causes of suit or action and the rights and liabilities of all the parties.

> "(2) When the court has ordered a final judgment or decree under the conditions stated in subsection (1) of this section, the court may stay enforcement of that judgment or decree until the entering of a subsequent judgment or judgments or decree or decrees and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment or decree is entered."

The judgments of involuntary nonsuit in favor of defendants did not contain an "express determination

that there is no just reason for delay." Also, the judgments were made in a proceeding in which there was "more than one demand for relief" and in which there were "multiple causes of suit or action," "cross-claims," and "third-party actions" and "suits" in which there were "multiple parties." In addition, the trial court's judgments of involuntary nonsuit "adjudicate[d] fewer than all the causes of suit or action" and decided "the rights and liabilities of fewer than all the parties." Therefore, by the express provisions of the statute the decision could not be a "final judgment or decree" and did not "terminate the proceeding as to any of the causes of suit or action or parties * * *."

■ Plaintiff contends that the judgments of involuntary nonsuit from which appeals were taken were final judgments under ORS 19.010(1) which provides that a "judgment or decree may be reviewed on appeal as prescribed in this chapter" and, therefore, ORS 19.010(2)(e) and 18.125 are inapplicable since they need not be considered. This contention cannot be correct, since the present situation is specifically covered by ORS 18.125 and it is this statute, rather than any general statutory provision, which governs.

■ Plaintiff also argues that in the present case no determination in the proceedings between the defendants can possibly affect plaintiff's action for indemnification against the defendants, because a judgment in favor of plaintiff would have established joint *and several* liability of both defendants on which the *inter se* problems between the defendants could have no effect. Plaintiff then contends the Oregon cases indicate by implication that when no matters relating to the judgment in question remain undecided, an appeal is appropriate. It is true the Oregon cases do indicate that the court in the past was concerned with whether the particular adjudication which was being appealed could possibly be altered or mooted by the balance of the litigation which had yet to be tried. An illustration is *Lulay v. Earle, Wolfer,* 278 Or 511, 564 P2d 1045 (1977), in which the plaintiff brought an action

against the defendant, and the defendant brought a third-party action against two third-party defendants. The two third-party defendants obtained a summary judgment of dismissal, and the defendant/third-party plaintiff immediately appealed that summary judgment. This court dismissed the appeal on the reasoning that if the defendant subsequently won the main action, his third-party action would be moot. It is also true that the litigation between the defendants in this case could have no possible effect upon plaintiff's cause of action against them. The judgments did not lack finality so far as plaintiff was concerned. As between themselves, which of the defendants would owe plaintiff might have been affected by the subsequent litigation in the case between the defendants, but this could not affect plaintiff's rights.

Be all that as it may—ORS 18.125 was enacted by Oregon Laws 1977, ch 208, § 3, subsequently to the cases upon which plaintiff depends, and the same act added paragraph (e) to subsection (2) of ORS 19.010. These statutes bar finality of the judgments of involuntary nonsuit for purposes of appeal until the trial court makes the finding which is the prerequisite for such finality or until the balance of the litigation is determined. By the enactment of ORS 18.125 the legislature appears to have intended that the trial judge should decide if a judgment which determines less than the entire case justifies a separate appeal prior to determination of the balance of the proceeding.[1] It has been argued that the present statute was not intended to cover those situations in which the

---

[1] The statutory scheme with which we are here concerned was proposed by the Oregon State Bar. *See* Oregon State Bar Committee Reports (1976), Report of Committee on Procedure and Practice, in which the following is found at 251:

"Like Federal Rule 54(b), Oregon's legislation permitting entry of an appealable judgment prior to final disposition of multiple party and multiple claim proceedings would require an express finding that there is no just reason for delay and an express direction for entry of the judgment so that there can be no doubt of the court's intention to enter a final appealable judgment. * * *."

balance of the litigation yet undecided cannot affect a judgment which decides less than all the issues and from which an appeal is taken. However, the statute makes no such exception.

It is our conclusion that ORS 19.010(2)(e) and 18.125 are not ambiguous and that under their provisions this court has no appellate jurisdiction in the present case, since the trial court made no adjudication of the judgments' finality for appellate purposes. The appeal is therefore dismissed on this court's own motion.