Argued and submitted March 14, affirmed May 19, 1980

JONES,
*Appellant,*
*v.*
TRI-STATE REALTY, INC.,
*Respondent.*

(No. 78-3-31, CA 15259)

611 P2d 312

Robert A. Sacks, Portland, argued the cause for appellant. With him on the brief were William B. Aitchison and Jolles, Sokol & Bernstein, P.C., Portland.

Donald J. Friedman, Portland, argued the cause for respondent. With him on the brief was Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before Richardson, Presiding Judge, and Thornton and Buttler, Judges.

RICHARDSON, P.J.

## RICHARDSON, P.J.

Plaintiff appeals a summary judgment in favor of defendant Tri-State Realty, contending there is a material issue of fact raised by the affidavits and pleadings which prevents a summary judgment. Defendant moved for dismissal of the appeal on the ground that this court lacks jurisdiction.

We first consider the jurisdictional question raised by defendant's motion to dismiss the appeal. The cause of action arises out of an eviction. Plaintiff alleged that the three defendants, Tri-State Realty and two named individuals, hired an assailant to evict plaintiff and as a result of the outrageous conduct of the three defendants she was damaged. The trial court granted defendant Tri-State Realty's motion for summary judgment and plaintiff appealed. We dismissed the original appeal on the ground that the cause of action had not been determined as to the other two defendants, ORS 18.125, and remanded the case to the trial court. On remand, plaintiff was granted voluntary nonsuits against the two remaining defendants and again appealed from the summary judgment in favor of Tri-State Realty.

Defendant concedes the several orders finally adjudicate the rights and liabilities of all the parties pursuant to ORS 18.125, but argues the statutory scheme contemplates a single judgment determining the cause of action as to all parties when there are multiple parties. Final judgment entered in accordance with ORS 18.125, respecting multiple parties is appealable. ORS 19.010(2)(e). There is no requirement, for appealability, that the several judgments respecting the various parties be summarized in a single judgment order. What is required is that the cause be determined as to all parties or that the requirements of ORS 18.125 be met as to a judgment for fewer than all the parties. We conclude that we have jurisdiction of this appeal.

[161]

Plaintiff sought general and punitive damages for outrageous and wilful conduct by the three defendants in evicting her from a residence. She alleged that:

"At all times material hereto Tri-State Realty, Inc. was and is an Oregon corporation."

This allegation was admitted by Tri-State Realty in its answer. She also alleged that:

"At all times material hereto Hector McKenzie was an agent of defendant Tri-State Realty, Inc. acting in the course and scope of his employment."

Tri-State Realty moved for summary judgment with attached affidavits which in substance stated that Tri-State Realty, formed as a real estate brokerage company, ceased to do business on June 1, 1975, and was thereafter engaged only in selling its own property. The affidavits stated that Tri-State was not involved in the sale of the residence from which plaintiff was allegedly evicted and had no connection with the property. It was also stated that Hector McKenzie was an employee of another corporation formed by one of the principals of Tri-State Realty. Plaintiff filed counter-affidavits alleging that at the time of the eviction, in the first week of March, 1976, Hector McKenzie represented to plaintiff that he was employed by Tri-State Realty and that Tri-State Realty was still operating as a going business.

Plaintiff makes two essential arguments. The first is based on defendant Tri-State Realty's admission in its answer that it was at all material times an Oregon corporation. Plaintiff contends that admission raises an issue of fact as to whether Tri-State Realty was an active corporation at the time of the eviction. There may be an issue of fact as to Tri-State Realty's status based upon the admission and the affidavits but it is not a material issue. Any liability of Tri-State Realty is based on its responsibility for the actions of its agents under the doctrine of *respondeat superior.* The issue in the motion for summary judgment is whether Hector McKenzie was Tri-State's agent acting in the

course and scope of his employment at the time of the eviction. Whether Tri-State Realty was a going business does not bear on that issue.

The second argument is based on plaintiff's affidavit alleging that Hector McKenzie told her he worked for Tri-State Realty. Plaintiff concedes that the existence of an agency cannot be proven solely by the extrajudicial statements of a purported agent, *see Connell v. McLoughlin,* 28 Or 230, 42 P 218 (1895); *Du Bois-Matlack Co. v. Lbr. Co.,* 149 Or 571, 42 P2d 152 (1935), but argues McKenzie's representation taken together with other facts alleged in the affidavits raise an issue of fact as to whether there was an agency relationship.

The affidavits affirmatively show that Tri-State Realty had no connection with the real property involved and had no involvement in the eviction which formed the basis of plaintiff's cause of action. The only basis disclosed in the affidavits for finding that Hector McKenzie was an agent of Tri-State Realty was his representation to plaintiff. As plaintiff concedes, this is not sufficient to establish the existence of an agency relationship. Defendant was entitled as a matter of law to judgment on the facts set forth in the several affidavits.

Affirmed.