Argued and submitted February 19, appeal dismissed May 26, 1982

# ADKINS, fka Wright,
*Respondent,*
*v.*
# WATROUS et al,
*Appellants.*

(No. 80-1-188, CA A20793)

645 P2d 591

Richard M. Botteri, Portland, argued the cause and filed the briefs for appellants.

Vernon L. Richards, Sandy, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, Joseph, Chief Judge, and Young, Judge.

YOUNG, J.

## YOUNG, J.

Defendants appeal from an order of the trial court denying their motion to set aside an order of default and judgment. The issue is whether substituted service of the summons and complaint on the individual defendants and the foreign corporate defendant Nemaia Ranches, LTD. (Nemaia) was effective under ORCP 7. The first consideration, however, is to determine if this court has jurisdiction to hear this appeal under former ORS 19.010(2)(e) and ORS 18.125.

Plaintiff filed a complaint naming as defendants the named individuals and Heavenly Valley, Inc. (Heavenly).[1] Heavenly appeared by filing an answer. Then, plaintiff filed an amended complaint and named Nemaia as an additional defendant. In due course an order of default and a judgment were entered against the individual defendants and Nemaia. The action remains pending as to Heavenly.

■ When this court is without jurisdiction to hear an appeal, it must dismiss the appeal on its own motion. *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979). Former ORS 19.010 provides in part:
"* * * * *

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:
"* * * * *

"(e) A final judgment or decree entered in accordance with ORS 18.125."[2]

Former ORS 18.010(1) provided:
"A final judgment shall include both the final determination of the rights of the parties in an action or special proceeding as well as a final judgment entered pursuant to ORS 18.125."[3]

Former ORS 18.125(1) provided:

---

[1] Heavenly Valley, Inc., is not a party to this appeal.

[2] ORS 19.010(2)(e) as amended by Or Laws 1981, ch 898, § 18, effective January 1, 1982, provides:

"A final judgment or decree entered in accordance with ORCP 67B."

[3] Former ORS 18.010 was repealed by Or Laws 1981, ch 898, § 53. Now see ORCP 67A.

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-part claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[4]

■ ■ In the present action the order of default and judgment did not contain a determination "that there is no just reason for delay" as required by ORS 18.125(1) when entering judgment against the defaulting defendants. Appealability of a judgment requires that the cause be determined as to all parties or that the requirements of ORS 18.125(1) be met as to a judgment for fewer than all the parties. *Jones v. Tri-State Realty,* 46 Or App 159, 161, 611 P2d 312 (1980). The action here is still pending against Heavenly, and the judgment entered against the appealing defendants does not comply with ORS 18.125(1). It is not a *final* judgment.[5]

Appeal dismissed.

---

[4] Former ORS 18.125 was repealed by Or Laws 1981, ch 898, § 53. It was replaced by ORCP 67B, which is identical. See also Fed R Civ Pro 54(b).

[5] Compare *Hill v. Oland,* 52 Or App 791, 629 P2d 867 (1981), where the trial court directed that a decree be entered pursuant to ORS 18.125(1) but failed to state reasons supporting its determination that there was no reason for delay in entering the decree.