Argued and submitted November 6, 1981,
appeal dismissed July 21, 1982

VALDEZ,
*Appellant - Cross-Respondent,*
*v.*
TIMMERMAN,
*Respondent,*
TIM'S TRUCKS, INC.,
*Respondent - Cross-Appellant.*

(No. L 11,650, CA 19372)

648 P2d 365

Dennis R. Ingram, Hermiston, argued the cause and filed the briefs for appellant - cross-respondent.

William J. Storie, Pendleton, argued the cause for respondent and respondent - cross-appellant. On the brief was David D. Gallaher and Storie & Gallaher, Pendleton.

Before Richardson, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

■ This is an action for fraud, misrepresentation and breach of warranty. A judgment was entered on a jury verdict, awarding plaintiff general and punitive damages against defendant Tim's Trucks, Inc. (Tim's). Plaintiff appeals from the portion of the judgment that dismissed the action against defendant Timmerman. Tim's cross-appeals from the award of punitive damages. We dismiss the appeal, because this court lacks jurisdiction under former ORS 19.010(2)(e) and former ORS 18.125.[1]

The difficulty arises because there is no final determination made with respect to defendant White Motor Corporation (White). White filed an answer to the second amended complaint and alleged a cross-claim against Timmerman. Following that appearance, and before trial, White filed a petition in bankruptcy. We quote from the judgment appealed from:

"* * * and the proceedings in this suit having been automatically stayed against Defendant White Motor Corporation, by reason of the fact that said Defendant heretofore filed a petition in bankruptcy in the United States

---

[1] Former ORS 19.010 provided in part:

"* * * * *

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(e) a final judgment or decree entered in accordance with ORS 18.125."

This section was amended by Or Laws 1981, ch 898, § 18, effective January 1, 1982. Former ORS 18.125(1) provided:

"When more than one claim for relief is presented in a an action, whether as a claim, counterclaim, cross-claim, or third-part claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims, or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

ORS 18.125 was repealed by Or Laws 1981, ch 898, § 53 and was replaced by ORCP 67B.

Bankruptcy Court for the Northern District of Ohio, Eastern Division, on September 4, 1980."

Except for the quoted language, the judgment makes no further reference to, or disposition, of White and its counterclaim.

■ ■ When this court is without jurisdiction, it must dismiss an appeal on its own motion. *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979). Under former ORS 19.010(2)(e) and former ORS 18.125, now ORCP 67B, a judgment is not final, and therefore is not appealable, unless it determines the cause (and all claims) as to *all* parties *or* the trial court expressly determines that there is no just reason for delay in entering a final judgment as to fewer than all of the parties or claims. *Adkins v. Watrous,* 57 Or App 541, 645 P2d 591 (1982); *First Nat'l Bank of Oregon v. Diversified Truss,* 54 Or App 899, 636 P2d 991 (1981); *Jones v. Tri-State Realty,* 46 Or App 159, 161, 611 P2d 312 (1980). There was no such determination here. The action, although stayed, remains pending with respect to White. *Adkins* and *Diversified Truss* were both decided subsequent to the filing of this appeal. We have written an opinion to draw attention again to ORCP 67 and the jurisdictional prerequisite that the judgment appealed from must be a *final* judgment.

Appeal dismissed.