Argued and submitted June 30, appeal dismissed October 13, 1982

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Respondent,*

*v.*

## SOMMERHOLDER,
*Appellant,*

(No. 122902, CA A24803)

652 P2d 2

Robert K. Udziela, argued the cause for appellant. With him on the brief were Garry L. Kahn and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland. With him on the reply brief was Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Ralph C. Spooner, Salem, argued the cause for respondent. With him on the brief was Williams & Spooner, Salem.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff sought declaratory relief to determine the extent of its liability under automobile insurance policies issued to defendants Gobin and William Boundy. On February 4, 1981, the trial court granted plaintiff summary judgment against defendant Gobin. On June 30, 1981, plaintiff's motion for summary judgment against defendant Sommerholder was granted. Defendants Boundy filed an answer, and no final disposition as to the Boundys appears in the trial court file.

Sommerholder appealed from the order granting plaintiff summary judgment. On April 8, 1982, we dismissed that appeal (CA A21578) *sua sponte,* because the appeal was from an order granting summary judgment and not from a final appealable judgment. ORS 19.010(2)(e). On April 27, 1982, an amended judgment order was entered in the trial court, which granted plaintiff judgment against Sommerholder, who has now again appealed. This appeal must also be dismissed, because this court still lacks jurisdiction. ORS 19.010(2)(e) and ORCP 67B.[1]

■      The amended judgment order recites that the trial court "previously * * * bifurcated the hearing as to defendant, Sharon Sommerholder * * *." A similar recital is

---

[1] ORS 19.010, as amended by Or Laws 1981, ch 898, § 18, effective January 1, 1982, provides in relevant part:

"(2) For the purpose of being reviewed on appeal the following shall be deemed a judgment or decree:

"* * * * *

"(e) A final judgment or decree entered in accordance with ORCP 67B."

ORCP 67B provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an' express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

ORCP 67B is the successor to ORS 18.125, which was repealed by Or Laws 1981, ch 898, § 53.

found in the orders mentioned above that granted plaintiff a summary judgment against Sommerholder and Gobin.[2] However, there is no trial court order that divided or segregated this action into separate actions against the individual defendants. The status of this action, as reflected by the record, is that the action is still pending as to defendants Boundy on their answer; an interlocutory order was entered granting plaintiff summary judgment against defendant Gobin; and an amended judgment order was entered in favor of plaintiff against defendant Sommerholder.

■    The difficulty now arises because there has been no final determination made in this action with respect to all defendants. In particular, the amended judgment order does not *expressly determine* that there is no just reason for delay in entering judgment against defendant Sommerholder. In *Valdez v. Timmerman,* 58 Or App 366, 369, 648 P2d 365 (1982), we said:

"When this court is without jurisdiction, it must dismiss an appeal on its own motion. *Industrial Leasing Corp. v. Van Dyke,* 285 or 375, 591 P2d 352 (1979). Under former ORS 19.010(2)(e) and former ORS 18.125, now ORCP 67B,

___

[2] Plaintiff and defendant Sommerholder contend that the amended judgment order is a final appealable order because of the "bifurcation." At the hearing on plaintiff's motion for summary judgment against defendant Sommerholder, the following colloquy occurred:

"[Defendants' counsel]: One other thing on the record, if [plaintiff's counsel] and I agree that whatever your ruling is, it will be a final ruling in this case and either party would have the right to appeal.

"[Plaintiff's counsel]: I'd like to have the Court — sometimes we get into the question of is this an appealable ruling, whatever it is? I will agree with counsel as to that. There is no reason for any further delay in this proceeding.

"THE COURT: I think the other ruling was final with respect to the other defendants.

"[Plaintiff's counsel]: It was.

"[Defendants' counsel]: Well, that case is — as I understand it, that case was settled and it is [sic] probably been dismissed. .

"THE COURT: Oh, I didn't know that, but anyway yes I would think it would be dispositive."

We are not told what the parties mean by "bifurcation." It is clear, however, that an agreement that a trial court order will be an appealable order does not give this court jurisdiction. *McEwen et ux v. McEwen et al,* 203 Or 460, 470, 280 P2d 402 (1955); *Brodine v. Employment Exchange, Inc.,* 33 Or App 237, 238, *rev den* 283 Or 1 (1978).

a judgment is not final, and therefore is not appealable, unless it determines the cause (and all claims) as to *all* parties *or* the trial court expressly determines that there is no just reason for delay in entering a final judgment as to fewer than all of the parties or claims. *Adkins v. Watrous,* 57 Or App 541, 645 P2d 591 (1982); *First Nat'l Bank of Oregon v. Diversified Truss,* 54 Or App 899, 636 P2d 991 (1981); *Jones v. Tri-State Realty,* 46 Or App 159, 161, 611 P2d 312 (1980). There was no such determination here."

Appeal dismissed.