Argued and submitted April 19, appeal dismissed August 7, 1985

WICKS,
*Respondent,*

*v.*

O'CONNELL,
*Defendant,*

FAWCETT,
*Appellant.*

(16-82-01216; CA A32221)

704 P2d 537

Rohn M. Roberts, Eugene, argued the cause for appellant. With him on the briefs was Adkins, Roberts & Roberts, Eugene.

Charles G. Duncan, Eugene, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff brought this action to recover damages for fraud in the sale of securities. The action against O'Connell was automatically stayed as a result of his filing a petition in bankruptcy. 11 USC § 362 (1983). Plaintiff did not move to sever the actions against the two defendants or to dismiss the action actions against the two defendants or to dismiss the action against O'Connell. The case proceeded against Fawcett alone, and the jury returned a verdict for plaintiff, from which Fawcett appeals. The judgment establishes the liability of Fawcett alone. We dismiss the appeal for want of an appealable judgment.

Plaintiff originally sought to hold defendants liable as joint tortfeasors, and his claim against Fawcett depended on proof that O'Connell acted as Fawcett's agent for the sale of Fawcett's stock. In this circumstance, O'Connell was not an indispensable party and, under 11 USC § 362 (1983), the case could proceed against Fawcett alone. *Pitts v. Unarco Industries, Inc.,* 698 F2d 313 (7th Cir), *cert den* 104 S Ct 509 (1983); *In Re James Hunter Mach. Co., Inc.,* 31 BR 528 (Bankr D Ma 1983); *Matter of Johns-Manville Corp.,* 26 BR 405 (Bankr SD NY 1983), *affirmed* 40 BR 219 (SD NY 1984). This court could also hear an appeal if there were an appealable judgment, because O'Connell's presence as a party is not "necessary to resolve the claims of the other parties." ORAP 12.35(5).

Although the action was stayed as to him, O'Connell was still a party. The trial court could have entered a final judgment as to Fawcett alone but "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." ORCP 67B. Because the judgment does not comply with ORCP 67B, there is no appealable judgment. ORS 19.010; *see Industrial Leasing Corp v. Van Dyke,* 285 Or 375, 380-81, 591 P2d 352 (1979).

Appeal dismissed.