Submitted on record and briefs April 3, reversed and remanded with instructions October 9, 1985

BECKETT,
*Appellant,*

*v.*

OLSON et al,
*Respondents.*

(CI 83-194; CA A31782)

707 P2d 635

William N. Kent, Eugene, filed the brief for appellant.

Douglas L. Taylor, Corvallis, filed a brief *pro se* in which the other respondents joined *pro se.*

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Plaintiff appeals the trial court's award of statutory damages for the failure of defendants, his former landlords and their agent, to return his security deposit within the statutorily required time. He asserts that the damages awarded are too low and that the court erred in failing to award attorney fees. We agree with the first assertion and therefore reverse and remand.

Plaintiff paid a $150 security deposit when he rented an apartment from defendants. On June 1, 1983, he gave 30 days notice that he was moving; he moved out on July 1, 1983. He asked for the return of his security deposit and sent defendant Phelps a change of address form; he also retained his former telephone number after moving and notified the post office of his change of address. Plaintiff did not receive a check for his security deposit until August 21, 1983. He refused to negotiate the check and, instead, filed this action, seeking $300, double the amount of the deposit, and attorney fees. ORS 91.760(8).[1] The court granted plaintiff's motion for summary judgment but awarded him only $50. It apparently assumed that plaintiff would receive the amount of the deposit itself by negotiating the check. The judgment is silent as to attorney fees, and plaintiff did not claim any in his cost bill.

■ Before filing their brief, defendants moved to dismiss this appeal on the ground that the amount in controversy is less than that required to give this court jurisdiction. We denied the motion with leave to renew it in their brief.

---

[1] ORS 91.760 provides in part:

"(6) In order to claim all or part of the security deposit, within 30 days after the termination of the tenancy and delivery of possession the landlord shall give to the tenant a written accounting which states specifically the basis or bases of the claim.

"(7) The security deposit or portion of the deposit not claimed in the manner provided by subsection (6) of this section shall be returned to the tenant not later than 30 days after the termination of the tenancy and delivery of possession to the landlord.

"(8) If the landlord fails to comply with subsection (7) of this section or if he fails to return any prepaid rent required to be paid to the tenant under ORS 91.700 to 91.895 the tenant may recover the property and money due him in an amount equal to twice the amount wrongfully withheld."

Defendants again raise the issue, and we again deny the motion.[2] ORS 19.010(3) provides:

"No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250."

Defendants argue that, because plaintiff has received his $150 deposit and a $50 penalty, there is only $100 in controversy on appeal. However, plaintiff's amended complaint sought $300. Defendants in their answer alleged that plaintiff had received $150, but plaintiff is deemed to have denied that allegation. ORCP 19C.[3] It appears from the pleadings that the amount in controversy exceeds $250. Facts which are not admitted in the pleadings but which may provide defendants with a defense to part of the amount claimed do not affect our jurisdiction.

■ Turning to the merits, ORS 91.760(8) provides that a tenant may recover twice the security deposit if the landlord does not return it within 30 days from the termination of the tenancy and the redelivery of possession, unless the landlord claims part or all of the deposit within that period. The statute is unambiguous and absolute. The use of "the tenant *may* recover" rather than "the tenant *shall* recover" does not give the *court* any discretion. Rather, it is a statement of the steps the *tenant,* as a matter of right, may take if the landlord does not comply with the statute. If the tenant decides to sue and is successful, the recovery will be the full penalty; that is, if the facts are shown, the tenant is entitled to judgment. The amount due does not depend on the landlord's good faith or

---

[2] Defendants' motion was made by an attorney who did not represent them at the trial court and who later withdrew from representing them on appeal. In their brief they refer to the issue but do not formally renew their motion. Because the matter affects our jurisdiction, we must decide it with or without a motion. *Industrial Leasing Corp. v. Van Dyke,* 285 Or 375, 377, 591 P2d 352 (1979); *Valdez v. Timmerman,* 58 Or App 366, 369, 648 P2d 365 (1982).

[3] ORCP 13B allows a reply only to "a counterclaim denominated as such" or "to assert any affirmative allegations in avoidance of any defenses asserted in an answer." The absence of a reply does not admit the asserted defenses but denies them. ORCP 19C. However, the plaintiff may not introduce evidence of new matter in avoidance of the defenses without pleading it in a reply. Plaintiff's failure to reply in this case was a denial of the defense of partial payment and a reassertion of his claim in the complaint that defendants owed him $300. It is not possible to determine from the face of the pleadings that there is less than $250 in dispute; we therefore have jurisdiction over the appeal.

bad faith or on the tenant's damages or lack of damages. The obvious purpose of the statute is to encourage landlords to fulfill their statutory duties by establishing an automatic penalty for their failure to do so. Discretion to reduce the award would subvert the statutory purpose. The court erred in failing to grant plaintiff judgment for $300.[4]

■ We do not decide plaintiff's entitlement to attorney fees under either ORS 91.755 or the tenancy agreement, because plaintiff did not properly raise the issue below. Under ORCP 68C, attorney fees must be claimed as part of the prevailing party's cost bill. Plaintiff's cost bill did not include an amount for attorney fees. The court never had occasion to rule on an attorney fees claim, so it cannot have erred by failing to allow one.[5]

Reversed and remanded with instructions to enter judgment for plaintiff for $300, together with costs and disbursements.

---

[4] Any amount plaintiff actually received or will receive from the check defendants tendered should be credited against the judgment.

[5] Plaintiff submitted his cost bill at the same time that he filed a motion for reconsideration in which he asked the court, among other things, to award reasonable attorney fees. The motion was not the proper method of asserting a right to attorney fees, and it did not request any particular amount or provide any other basis for an award.