Argued and submitted November 4, reversed and remanded for entry of judgment awarding $800 damages on plaintiff's security deposit claim, plus costs and attorney fees; otherwise affirmed December 8, 2004

## Henry C. WALDVOGEL,
*Appellant,*

*v.*

## Betty JONES,
*Respondent.*

### 12-02-16331; A122100

103 P3d 124

Siavash B. Rezvani argued the cause for appellant. With him on the briefs was Slayton Cox & Seligson.

Marianne G. Dugan argued the cause for respondent. With her on the brief was Facaros & Dugan.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff rented a residential dwelling from defendant. He paid a $400 security deposit. At the end of the tenancy, plaintiff surrendered the premises. Defendant, however, withheld the security deposit without providing a timely written accounting. Plaintiff initiated an action under ORS 90.300(14) to recover twice the amount of the security deposit. He also claimed that, at various times during the tenancy, defendant entered the premises without permission and without proper notice, in violation of ORS 90.322. The trial court found that, although defendant indeed had withheld the security deposit without providing the notice that the law requires, awarding double damages is not appropriate in this case. The court also rejected the unlawful entry claim and awarded costs and attorney fees to defendant.

On appeal, plaintiff assigns error to the trial court's failure to award double damages under ORS 90.300(14) and to the court's rejection of his unlawful entry claim. As to the unlawful entry claim, we affirm without discussion. As to the security deposit claim, however, we reverse and remand for entry of judgment awarding $800 plus costs and attorney fees.

The foregoing facts are not in dispute; defendant concedes that she withheld the security deposit without providing a timely written accounting. The only issue is whether, under ORS 90.300(14), the trial court has the discretion to decline to award twice the amount of the security deposit. Plaintiff contends that the statute affords the trial court no such discretion. In support of that proposition, plaintiff relies on *Beckett v. Olson*, 75 Or App 610, 707 P2d 635 (1985). Defendant responds that plaintiff failed to preserve the argument because he failed to cite to the trial court the *Beckett* decision. In the alternative, defendant argues that *Beckett* is incorrect and should be overruled.

We begin with the matter of preservation. In his complaint, plaintiff alleged that defendant failed to return his security deposit within the time required by law. He claimed that he was entitled to damages in the amount of $800, twice the amount withheld without a timely accounting. In support

of the claim, plaintiff cited ORS 90.300. At the hearing, the trial court itself mentioned the issue whether the statute affords some measure of discretion in determining whether to award double damages. The court noted that the statute says that a tenant "may" recover twice the security deposit. The court commented:

> "I don't think that the landlord is entitled to a complete skate on that, but I don't find sufficient justification here, and, leaning on the 'may' provision, for the double damage[s] portion to be applied. If the Court of Appeals reads the statute differently, then we will know better next time. But I don't find that it would be just or equitable or necessary [for] the statute to apply here."

Thus, plaintiff alleged a right to double damages, citing the specific statute at issue, and the trial court clearly was aware of the precise issue that is now the subject of the appeal. It is true that plaintiff did not cite *Beckett*. Once the construction of the statute is before us, however, we have an obligation to arrive at the correct construction, regardless of the parties' arguments. *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997); *State v. Smith*, 184 Or App 118, 121-23, 55 P3d 553 (2002). The issue was preserved.

■     We turn to the merits. ORS 90.300(2) provides that a landlord may require a tenant to pay a security deposit. ORS 90.300(5) then provides that the landlord may claim from the security deposit amounts reasonably necessary to repair damages to the premises or defray unpaid rent. Upon termination of the tenancy, the landlord is required to refund any unused balance. ORS 90.300(9). The landlord may, however, claim all or part of the remaining balance if, within 31 days after the termination of the tenancy, the landlord provides a written accounting that specifies the bases of the claim. ORS 90.300(10). If the landlord fails to provide such a written accounting within 31 days, "the tenant may recover the money due in an amount equal to twice the amount" of the portion of the deposit wrongfully withheld. ORS 90.300(14).

In *Beckett*, we addressed the meaning of the statutory provision that "the tenant may recover" twice the security deposit wrongfully withheld:

"The statute is unambiguous and absolute. The use of 'the tenant *may* recover' rather than 'the tenant *shall* recover' does not give the *court* any discretion. Rather, it is a statement of the steps the *tenant*, as a matter of right, may take if the landlord does not comply with the statute. If the tenant decides to sue and is successful, the recovery will be the full penalty; that is, if the facts are shown, the tenant is entitled to judgment. The amount due does not depend on the landlord's good faith or bad faith or on the tenant's damages or lack of damages. The obvious purpose of the statute is to encourage landlords to fulfill their statutory duties by establishing an automatic penalty for their failure to do so. Discretion to reduce the award would subvert that statutory purpose."

75 Or App at 613-14 (emphasis in original).

Defendant insists that *Beckett* should be reexamined and overruled because it was decided before *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and improperly construes the text of the statute. In particular, defendant complains, *Beckett* construes the discretionary term "may" to mean "shall." We should, defendant suggests, restore the proper meaning of the statute by construing it to mean that the trial court may—but not must—award double damages.

Defendant, however, misreads both *Beckett* and the statute. As we noted in *Beckett*, ORS 90.300(14) does not refer to the *trial court's* discretion. The subject of the sentence is the *tenant* and the tenant's discretion in deciding whether to assert a statutory right to recover double damages. Once the tenant decides to exercise that choice, and if the other statutory prerequisites are satisfied, the trial court must award the double damages that the statute requires.

In this case, the parties agree that plaintiff demonstrated the statutory prerequisites for an award of double damages under ORS 90.300(14), namely, that the defendant withheld plaintiff's $400 deposit more than 31 days without providing a written accounting. It necessarily follows that the trial court erred in failing to award plaintiff double damages.

Reversed and remanded for entry of judgment awarding $800 damages on plaintiff's security deposit claim, plus costs and attorney fees; otherwise affirmed.