118 February 11, 2026 No. 94

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Matt NEWELL,
*Plaintiff-Appellant,*

*v.*

ESTATE OF STAN HERMAN,
*Defendant-Respondent.*

Multnomah County Circuit Court
24CV58977; A187212

Chanpone P. Sinlapasai, Judge.

Argued and submitted January 22, 2026.

Matt Newell argued the cause *pro se*.

No appearance for respondent.

Before Lagesen, Chief Judge, Kamins, Judge, and
Armstrong, Senior Judge.

ARMSTRONG, S. J.

Affirmed.

**ARMSTRONG, S. J.**

Plaintiff filed an action against defendant, a putative estate, and served the summons and complaint in the action on a daughter of the deceased person whose putative estate is the defendant in the action, who, in turn, is the person whom plaintiff believed to be the personal representative of the estate. The daughter moved to dismiss the action under ORCP 21 A(1)(b) for lack of personal jurisdiction and under ORCP 21A (1)(e) for insufficiency of service of summons or process.[1] The motion was supported by declarations stating that the daughter was not the personal representative of the estate, that the estate had no personal representative, and that there was no past or pending probate proceeding involving the estate.

The trial court held a hearing on the motion at which plaintiff sought to introduce as an exhibit a purported exchange of text messages between plaintiff and the daughter that plaintiff understood to show the daughter telling him that she represented the estate. The daughter objected to the admission of the exhibit, and the trial court sustained the objection on timeliness and hearsay grounds. The court, thereafter, granted the motion to dismiss on the ground that, in light of the record, service of the summons and complaint on the daughter had not effected service on defendant. Based on that ruling, the court entered a general judgment dismissing the action without prejudice, and plaintiff appealed the judgment.

Plaintiff assigns error on appeal to the dismissal of the action. However, plaintiff does not assign error to the ruling that excluded from the record the exhibit that plaintiff had offered to show that the daughter was the personal representative of the estate. Hence, for purposes of this case, the evidence in the record conclusively establishes, as the trial court found, that the daughter is not the personal

---

[1] An estate generally acts through its personal representative and, hence, a legal action against an estate is to be brought against its personal representative. Plaintiff did not do that in this case. It is unclear the source of authority for the daughter to appear and seek dismissal of the action against defendant, but that issue is not before us, and we express no opinion about it.

representative of the estate.[2] It follows that the trial court did not err in dismissing the action under ORCP 21A (1)(e) for insufficiency of service of process because service of the summons and complaint on the daughter did not effect service on defendant.[3]

      Affirmed.

---

[2] Notably, even if the trial court had admitted plaintiff's exhibit at the hearing, the exhibit would not have established what plaintiff sought to establish with it, *viz.*, that the daughter is the personal representative of her father's estate. That is because a statement by an agent, here, the daughter, that she is the agent of a principal, here, the estate, is legally insufficient to establish that the agent is, in fact, the agent of the principal. *See*, *e.g.*, *Jones v. Tri-State Realty*, 46 Or App 159, 163, 611 P2d 312 (1980).

[3] Where, as here, an estate does not have a personal representative, ORS 113.035 provides the procedure by which a person with a claim against the estate can petition the probate court to appoint a personal representative for the estate to allow the person to pursue his claim against the estate. The trial court dismissed the action against defendant without prejudice, so the dismissal does not prevent plaintiff from seeking the appointment of a personal representative for defendant to enable him to pursue his claim.