STATE OF NEBRASKA, APPELLEE, V. RUSSELL DETHLEFS, ALSO KNOWN AS RUSSEL DETHLEFS, APPELLANT.

479 N.W.2d 780

Filed February 7, 1992.   No. 90-1083.

John S. Mingus, of Mingus & Mingus, for appellant.

Susan M. Koenig, Deputy Hall County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Russell Dethlefs appeals his sentences after pleading guilty to one count of distribution of a controlled substance (cocaine), a Class II felony, punishable by 1 to 50 years' imprisonment, and one count of distribution of a controlled substance (marijuana), a Class III felony, punishable by 1 to 20 years' imprisonment, a $25,000 fine, or both. Dethlefs was sentenced to concurrent terms of 18 to 24 months' imprisonment on the first count and 1 year's imprisonment on the second count.

Dethlefs alleges, in summary, that the district court erred in (1) not soliciting a proper allocution, i.e., the court did not specifically ask Dethlefs prior to sentencing whether he had anything to say as to why judgment should not be passed upon him; (2) considering a presentence investigation report that stated Dethlefs was not a good candidate for probation because probation would depreciate the seriousness of the offense and that did not have or take into consideration a psychiatric evaluation of Dethlefs; and (3) failing to grant probation and administering excessive sentences.

As the basis for his appeal, appellant first alleges a judicial violation of Neb. Rev. Stat. § 29-2201 (Reissue 1989), which requires that prior to sentencing, defendant "be informed by the court of the verdict . . . and asked whether he has anything to say why judgment should not be passed against him."

The record reflects that the court received Dethlefs' guilty pleas and the following exchange transpired:

> THE COURT: Mr. Dethlefs, this is your opportunity to say anything to me, sir, that you'd like to say. I'd like to hear from you.
>
> . . . .
>
> MR. DETHLEFS: —— I ask that you recognize that I haven't been in trouble lately for — since before the arrest, and I'd like to be able to work and support my family.

As we have previously stated, " ' "Today the most practical rationale underlying allocution is that it provides an opportunity for the offender and defense counsel to contest any disputed factual basis for the sentence . . . ." ' " *State v. Bunner*, 234 Neb. 879, 890, 453 N.W.2d 97, 103 (1990), quoting A. Campbell, Law of Sentencing § 72 (1978). We find that an

opportunity was afforded the appellant to offer comments why judgment should not be passed upon him. The judge complied with the intent of the statute, and the statute does not require that the specific words set out in the statute be used. The assignment is without merit.

Secondly, appellant alleges that the court erred both in considering a presentence investigation report that stated appellant was not a good candidate for probation because probation would depreciate the seriousness of the offense and in failing to consider a psychiatric evaluation of the appellant. Both of these contentions are without merit.

As a matter of law, no defendant, once convicted, is entitled to be placed on probation. *State v. Johnson*, 209 Neb. 308, 307 N.W.2d 525 (1981). Such a decision is a matter of discretion for the trial court, and unless the defendant demonstrates an abuse of discretion, this court will not overturn a sentence. See *State v. Swails*, 195 Neb. 406, 238 N.W.2d 246 (1976). Despite the fact that these offenses resulted in the appellant's first felony convictions, we find no abuse of discretion in the court's failure to grant probation.

Dethlefs asserts that according to Neb. Rev. Stat. § 29-2261(5) (Reissue 1989), the court "may order the offender to submit to psychiatric observation and examination" and that "may" should be interpreted as "must," or "shall," imposing a statutory duty upon the trial court. While we are cognizant that in many instances the assertion is true, closer examination of the statute reveals that, to paraphrase, only where psychiatric observation and examination have been conducted *shall* such a report be submitted to the court. It is evident to us that the Legislature clearly intended a distinction to be drawn when it used both "may" and "shall" in the same statutory provision. Dethlefs has no inherent right to a psychiatric evaluation, and we find no abuse of discretion in the court's failure to order a psychiatric evaluation.

Finally, appellant asserts that the sentences imposed were excessive. "[T]he imposition of a sentence within the statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion." *State v. Morley, ante* p. 141, 156, 474 N.W.2d 660, 670 (1991).

Dethlefs was sentenced to terms of 18 to 24 months' imprisonment on the first count and 1 year on the second count. The appellant's sentences are well within the statutory limits, and we find no abuse of discretion. The judgment below is affirmed.

AFFIRMED.