**Gordon D. Oxx, Jr. and Carol P. Oxx v. Vermont Department of Taxes**

[618 A.2d 1321]

No. 90-176

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 23, 1992

Motion for Reargument Denied November 25, 1992

*Michael J. Hertz* of *Hertz and Wesley*, Brattleboro, for Plaintiffs-Appellants.

*Jeffrey L. Amestoy*, Attorney General, and *Danforth Cardozo, III*, Special Assistant Attorney General, Montpelier, for Defendant-Appellee.

**Morse, J.** Gordon and Carol Oxx, Vermont income taxpayers, appeal the superior court's decision affirming the Vermont Commissioner of Taxes' assessment of their personal income tax for 1986, claiming it was $13,404 too high. They challenge the assessment on two grounds: (1) Vermont's personal income tax may not be applied to recapture of federal investment tax credit under 32 V.S.A. § 5822, and (2) if it can be so applied, the commissioner's application of § 5822 in this case violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Chapter I, Article 7 of the Vermont Constitution. We reverse, because the assessment was unconstitutional as applied.

The Oxxes claimed a federal investment tax credit[1] of $6,422 on their 1983 federal income tax return, increasing their refund for that year by $6,422. The Oxxes claimed an investment tax credit of $61,141 on their 1984 federal return. Because their adjusted gross income for 1984 was negative, the credit was

---

[1] Federal investment tax credit reduces a taxpayer's federal income tax liability by a designated percentage of certain qualified business expenditures. 26 U.S.C. §§ 38, 46–48 (1986) (amended by Pub. L. No. 101–508 (1990)).

carried back to 1982, increasing their 1982 refund by $61,141. Thus, the Oxxes saved a total of $67,563 in federal income taxes over two tax years by applying the federal investment tax credit. Due to several circumstances, however, the federal income tax savings did not translate into state income tax savings.

The Oxxes were residents of Ohio until September 1983, when they became residents of Vermont. They filed Ohio income tax returns through 1983, but because Ohio did not calculate its state income tax as a percentage of the taxpayers' federal tax liability, they did not derive any Ohio income tax benefit from the federal investment tax credit. The Oxxes also filed Vermont income tax returns for 1983 and 1984. Because the Oxxes had deductions available which exceeded their gross income, their income was negative for purposes of both federal and Vermont income taxes for both years. For this reason, in neither year did they derive any benefit from the investment tax credit with regard to their Vermont income taxes, which are figured as a percentage of federal income tax liability, called a "piggyback."

For their 1986 federal income tax return, the Oxxes were subject to recapture of the investment tax credit[2] in the amount of $50,585 claimed for the years 1983 and 1984. The Oxxes computed their 1986 Vermont income tax liability without including the federal tax on recapture of their investment credit. The Vermont Department of Taxes, however, included the recapture of investment credit in its computation of the Oxxes' 1986 Vermont income tax liability and assessed the Oxxes an additional $13,404 for that year. This figure represents the difference between the tax paid by the Oxxes and the tax claimed by the Department.

I.

The commissioner properly interpreted the applicable law in requiring imposition of Vermont personal income tax on

---

[2] Recapture of federal investment tax credit may come about when property which was subject to investment credit is disposed of prematurely or otherwise ceases to be investment credit property. 26 U.S.C. § 47(a)(5)(A) (1988) (since recodified at 26 U.S.C. § 50(a)(1)(A)).

federal recapture of the federal investment tax credit. For the 1986 tax year, 32 V.S.A. § 5822 stated in relevant part:

> A tax is imposed for each calendar year . . . upon the Vermont income earned or received in that taxable year by every individual . . . . The amount of this tax shall be measured by 26.5 percent of the federal income tax liability of the taxpayer for the taxable year, reduced by a percentage equal to the percentage of the taxpayer's adjusted gross income for the taxable year which is not Vermont income
> . . . .

Although the first sentence of § 5822 imposes a tax for each calendar year upon Vermont income *earned* or *received* during the calendar year, the second sentence establishes the measurement of Vermont tax liability as a percentage of federal income tax liability. The two sentences are internally inconsistent in that Vermont income earned or received may not include an investment credit recapture, which in part determines the federal income tax liability in a particular year. According to the taxpayers, the first sentence should control and the second sentence should not be followed literally.

█   When two contemporaneous statutory provisions conflict, the more specific provision is given effect over the more general one. *State v. Teachout*, 142 Vt. 69, 73, 451 A.2d 819, 820–21 (1982). The first sentence of 32 V.S.A. § 5822, when read in conjunction with that part of the second sentence dealing with non-Vermont income, may be understood as only limiting taxation to Vermont income where the taxpayer's tax burden is allocated between states. The second sentence is more specific than the first because it provides a formula for determining the exact amount of a resident's Vermont income tax burden. Thus, to the extent any inconsistency arises between the two sentences, the second one must be given controlling effect.

Moreover, the commissioner's interpretation of § 5822 is consistent with the goals of the Legislature. See *Burlington Electric Department v. Vermont Department of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990) (when construing a statute, the Supreme Court's purpose is to effectuate the intent of the Legislature). One purpose of the Vermont income tax framework, as stated in 32 V.S.A. § 5820(a), is:

to conform the Vermont personal . . . income tax[] with the United States Internal Revenue Code, except as otherwise expressly provided, in order to simplify the taxpayer's filing of returns, reduce the taxpayer's accounting burdens, and facilitate the collection and administration of these taxes.

The commissioner's interpretation allows § 5822 to mirror the federal tax structure, and thus gives effect to this legislative goal. The "piggybacking" scheme also conforms to the legislative goal to tax Vermont income at a rate that "shall reflect the taxpayer's ability to pay as measured by his adjusted gross income for the taxable year." 32 V.S.A. § 5820(b). Because Vermont's "piggybacking" tax is based on the progressive federal tax model, and the federal model includes a recapture of tax credit under certain conditions, Vermont's scheme should likewise recapture passed-through state income tax savings, thereby reflecting taxpayers' "ability to pay."

Section 5811(4) defines "federal income tax liability" as "the federal income tax payable" after allowance of certain credits, including "investment credit," but not "the allowance of any other credit against that liability or the addition of any surtax." Plaintiffs argue that recapture of the investment credit is not included in the definition of "federal income tax liability" and, therefore, recapture is not a part of the federal tax liability for Vermont income tax purposes. Relying on the maxim "expressio unius est exclusio alterius" ("the expression of one thing is the exclusion of another"), they claim recapture is excluded. We recently recognized that this maxim is relatively weak among rules of statutory construction. See *Clymer v. Webster*, 156 Vt. 614, 625, 596 A.2d 905, 912 (1991). We think that had the Legislature intended to exclude the investment tax credit recapture from the definition, it would have expressly done so. The Legislature's overall taxing scheme evidences an intent that the federal investment credit provision not only benefit a Vermont taxpayer, but, taking the federal law "warts and all," that the taxpayer suffer a recapture debit as well.

An application of § 5822 that did not include recapture of the investment tax credit as part of federal income tax liability would result in a windfall for Vermont taxpayers who had derived a state tax benefit from a federal investment credit. For

instance, a taxpayer may claim the investment credit in a particular year and enjoy a reduced state income tax liability for that same year. If that taxpayer is not required to pay state tax on the recapture of the credit in a later year, the amount of income represented by the recapture will have permanently escaped state taxation. The taxpayer will have enjoyed a reduced state income tax liability for the year the credit was initially received for no apparent justification.

Similarly, Vermont takes the good with the bad with respect to investment credits. For example, if a taxpayer claims an investment credit, Vermont would apply that credit. The taxpayer would enjoy a reduced state income tax liability for that year even though a later move to another state before recapture arises would foreclose Vermont's opportunity to recoup the lost revenue. Conversely, Vermont is not foreclosed from applying the recapture credit where the taxpayer has enjoyed a reduced state income tax liability in another state as a result of the credit before moving to Vermont. This approach provides symmetry to Vermont's tax law application.

## II.

Despite the commissioner's proper interpretation of 32 V.S.A. § 5822, that statute as applied to the specific facts of this case, in our view, violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Chapter I, Article 7 (Common Benefits Clause) of the Vermont Constitution. Under the Equal Protection Clause, a classification will be sustained if the Legislature reasonably could have concluded that the challenged classification would promote a legitimate state purpose. *Williams v. Vermont*, 472 U.S. 14, 22–23 (1985). Under the Common Benefits Clause, where no fundamental right or suspect class is involved, the test is whether the law is reasonably related to a legitimate public purpose. *Town of Sandgate v. Colehamer*, 156 Vt. 77, 88, 589 A.2d 1205, 1211 (1990).

A statute is unconstitutional, as applied, if it treats similarly situated persons differently and the different treatment does not rest upon some reasonable consideration of legislative policy. See *Fleury v. Kessel/Duff Construction Co.*, 149 Vt. 360, 362, 543 A.2d 703, 704 (1988) (citing *Colchester Fire District*

*No. 2 v. Sharrow*, 145 Vt. 195, 198–99, 485 A.2d 134, 136–37 (1984) (statute authorizing award of attorney's fees to employee who prevails on appeal in workers' compensation case does not violate equal protection by failing to provide for award of similar fees to prevailing employer). As applied to taxpayers who have derived a state income tax benefit in a prior year from the investment tax credit, the classification of recapture liability bears a reasonable relation to the Legislature's stated purposes. By "piggybacking" state income tax liability onto federal income tax liability, the statute matches the timing of the tax with the realization of income, and the state recoups the tax-payer's benefit at a time when the taxpayer is presumably better able to pay it. On the other hand, as applied to a federal recapture where the taxpayer has not derived any state income tax benefit whatsoever, § 5822 loses the distinguishing feature that gives the law a reasonable relation to its purpose. Similarly situated taxpayers, those who are subject to federal investment credit recapture, would pay disproportionate state income taxes.

The commissioner required the Oxxes to pay Vermont income tax on federal recapture of investment credit despite the fact that the Oxxes had received no prior benefit from the investment credit from any state taxing authority. The Oxxes were required to pay the same amount of tax as a comparably situated taxpayer, also subject to recapture, who had derived a state income tax benefit in a prior year.

This different treatment does not rest on any rational basis. Not only does it fail to ease the administration of state taxation, see 32 V.S.A. § 5820(a) (purpose of chapter is to simplify and ease the administration of the Vermont income tax), it fails to accurately reflect the taxpayers' ability to pay as measured by their adjusted gross income for the taxable year. See 32 V.S.A. § 5820(b) (rate of income taxation shall reflect taxpayer's ability to pay). It is a simple matter, for the purpose of calculating Vermont income tax, to exclude the recapture of the investment credit from federal tax liability when there is no derived benefit from the investment credit. That is what should have occurred in this case.

*Reversed.*