# Eugene and Cobelena Bisson v. Kelly Ward

[628 A.2d 1256]

No. 92-426

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed June 11, 1993

*Timothy W. Shanley*, Montpelier, for Plaintiffs-Appellees.

*Mary C. Welford* and *Gail Sophrin*, Vermont Legal Aid, Inc., Rutland, for Defendant-Appellant.

**Gibson, J.** Tenant Kelly Ward appeals from a superior court decision, which held that landlords Eugene and Cobelena Bisson had violated the statutory warranty of habitability. Tenant claims the court erred by failing to award her attorney's fees under the Vermont Residential Rental Agreements Act, 9 V.S.A. §§ 4451–4468, and by concluding that landlords had not violated the Vermont Consumer Fraud Act, 9 V.S.A. §§ 2451–2462. We agree and reverse.

In the spring of 1991, the Department of Labor and Industry inspected an apartment owned by landlords and reported several violations of state building and health codes. The Department directed landlords to correct these conditions. Soon after the inspection, tenant looked at the apartment. Although it had a number of defects, the manager and the maintenance worker promised to make necessary repairs. Tenant made a $300 deposit and moved in with her child on May 1, 1991. Landlords had not received a certificate of occupancy at the time that tenant moved in.

With the assistance of the maintenance worker, tenant prepared a list of the repairs that needed to be made. The maintenance worker told her he would forward the list to the owners. At various times during the next few months, tenant requested that the repairs be made but was told that the owners had not provided any funds. Tenant continued to pay the rent for June, July and August of 1991, but thereafter withheld payment.

In October 1991, the Department of Labor and Industry again reported to landlords in writing a number of fire and safety hazards, including many structural and mechanical deficiencies, and inadequate heating and plumbing systems. The Department also noted that the second-floor bedroom was uninhabitable and that there was no smoke detector. At times during the fall and winter, tenant had no hot water and no heat. The shower leaked excessively and could not be used. Tenant and her daughter used the bathroom facilities of neighbors and, when it became too cold to remain in the apartment, made arrangements to stay elsewhere.

Landlords brought an action for possession in October 1991 and moved that tenant be ordered to pay rent into the court. As an affirmative defense, tenant asserted a right to withhold rent pursuant to 9 V.S.A. § 4458(a)(1). She maintained that she had

reported several defects in the apartment and that landlords were aware of the condition of the premises but had not made repairs. Tenant also counterclaimed for breach of warranty of habitability and for violations of the Vermont Consumer Fraud Act, requesting all rent paid to landlords, damages, equitable relief, attorney's fees, and exemplary damages.

The court held that landlords had violated the warranty of habitability as provided in 9 V.S.A. § 4457(a).[1] Because tenant had provided notice of noncompliance and landlords had failed to make repairs, the court ruled that tenant's lease could not be terminated for withholding the rent. The court also ordered landlords to return all rent monies paid, with interest, and dismissed the action for possession. The court denied tenant's request for attorney's fees, however, and found that the evidence did not establish her counterclaim under the Consumer Fraud Act. Tenant appeals the rulings on attorney's fees and consumer fraud.

## I.

Tenant argues that, under the Vermont Residential Rental Agreement Act, the court must award the tenant attorney's fees when it finds that the landlord has violated the obligation to maintain habitable premises. Although the trial court found that landlords had breached the implied warranty of habitability as well as the statutory warranty of habitability, it concluded, in a separate ruling, that attorney's fees were not warranted here because tenant had received rent-free housing for a substantial period of time and because its decision had already provided ample reasons for these landlords and others to comply with their obligation to provide clean, safe housing. Tenant maintains that the statute does not give the court discretion in awarding fees; rather, she contends that such an award is mandatory.

Generally, parties are required to bear their own costs of litigation, including attorney's fees. *Gramatan Home Investors*

---

[1] 9 V.S.A. § 4457(a) provides: "In any residential rental agreement, the landlord shall be deemed to covenant and warrant to deliver over and maintain, throughout the period of the tenancy, premises that are safe, clean and fit for human habitation and which comply with the requirements of applicable building, housing and health regulations."

*Corp. v. Starling*, 143 Vt. 527, 535, 470 A.2d 1157, 1162 (1983). This general rule may, however, be modified by statute or contract. *Id.* The Vermont Residential Rental Agreements Act provides:

> If the landlord fails to comply with the landlord's obligations for habitability, the tenant shall give the landlord actual notice of the noncompliance. If the landlord fails to make repairs within a reasonable time and the noncompliance materially affects health and safety, *the tenant may*:
>
> (1) withhold the payment of rent for the period of the noncompliance;
>
> (2) obtain injunctive relief;
>
> (3) *recover* damages, costs and *reasonable attorney's fees*; and
>
> (4) terminate the rental agreement on reasonable notice.

9 V.S.A. § 4458(a) (emphasis added). Tenant contends that this statutory language entitles her to recover attorney's fees because she prevailed on the habitability claims. We agree.

In *Gramatan*, we held that the Vermont Consumer Fraud Act mandates an award of attorney's fees upon a finding of consumer fraud. 143 Vt. at 535–36, 470 A.2d at 1162. Section 2461(b) of that Act provides that the "consumer . . . may sue and recover . . . reasonable attorney's fees." We held that the express language of the statute entitled the consumer to an award of attorney's fees. Moreover, we noted that the Legislature had fashioned the relief available to a consumer victimized by unfair or deceptive commercial practices "to promote and encourage prosecution of individual consumer fraud claims." *Gramatan*, 143 Vt. at 536, 470 A.2d at 1162. We concluded further that consumers were best protected by shifting the expense of consumer fraud litigation to those who committed the unfair or fraudulent commercial acts. *Id.*

As in *Gramatan*, the statutory language of 9 V.S.A. § 4458 — tenant may recover — entitles tenants to attorney's fees where the landlord has breached the warranty of habitability. Courts in other jurisdictions have also determined that the language "tenant may recover" creates a right to elect the relief provided in the statute. See, e.g., *Prevatte v. Asbury Arms*, 396 S.E.2d

642, 643–44 (S.C. Ct. App. 1990) ("tenant may recover reasonable attorney fees" creates right to fees where landlord does not comply with statute); see also *Love v. Monarch Apartments*, 771 P.2d 79, 82–83 (Kan. Ct. App. 1989) ("tenant may recover damages" creates right to damages); *Beckett v. Olson*, 707 P.2d 635, 637 (Or. Ct. App. 1985) (same).

Landlords argue that by using the word "may" the Legislature intended to give the court discretion in awarding attorney's fees. They contend that the Legislature would have stated "shall" had it intended the award of attorney's fees to be mandatory. This is the same argument that landlords advanced in *Prevatte, Love,* and *Beckett,* but, as the courts in those cases recognized, the word "may" refers to the tenant, not the judge or the court. *Prevatte,* 396 S.E.2d at 643. "To the extent that the word 'may' connotes discretion, it is a discretion vested in the tenant to elect his remedies, not in the court to deny a remedy clearly provided by the statute." *Id.*

Important policy considerations also support our conclusion that tenants are entitled to attorney's fees under the Vermont Residential Rental Agreements Act. We believe that the Legislature intended to provide attorney's fees to prevailing tenants in order to encourage tenants, who are usually at a financial disadvantage, to pursue claims under the Act, thus promoting safe and clean rental housing in Vermont. Indeed, there would be little incentive to bring a claim for breach of the implied warranty of habitability in many cases because attorney's fees are often likely to exceed the recovery. Here, tenant recovered damages of $1,700 with interest, but invested over $2,400 in attorney time before even beginning the appeal process. As in *Gramatan,* it is in the public interest to shift the burden of the expense to those responsible for the litigation, i.e., landlords who rent premises in violation of our safety and health standards.

Landlords also argue that, because tenant was represented by Vermont Legal Aid, she incurred no expenses and cannot "recover" attorney's fees under the terms of the statute. Generally, where attorney's fees are authorized by statute, courts have ruled that nonprofit legal services organizations are entitled to such an award. *Darmetko v. Boston Housing Authority,* 393 N.E.2d 395, 399 (Mass. 1979); see also *Blum v. Stenson,* 465

U.S. 886, 895 (1984) (award of reasonable fees is calculated according to prevailing market rates whether plaintiff is represented by private or nonprofit counsel). In *Torres v. Attorney General*, 460 N.E.2d 1032, 1039–40 (Mass. 1984), the court held that the legal services organization that represented the plaintiff was entitled to receive an award of attorney's fees although the statute authorized an award of attorney fees "incurred" in the action. The court reasoned that this construction is consistent with the legislative goals of encouraging private enforcement of the law and compliance with the law. *Id.* at 1040.

■ We agree with the *Torres* court, and the other cases cited therein, that it would defeat the legislative purposes of the statute to deny an award of attorney's fees in cases in which nonprofit legal services organizations represented the prevailing party. Indeed, it would be unreasonable to allow noncomplying landlords to avoid paying enforcement costs where the tenant is financially unable to hire a private attorney. See *Smith v. Town of St. Johnsbury*, 150 Vt. 351, 355, 554 A.2d 233, 237 (1988) (Court assumes Legislature did not intend unreasonable result). We therefore hold that tenant is entitled to an award of attorney's fees although she is represented by Vermont Legal Aid at no cost to her.

## II.

Tenant argues that the trial court erred in concluding that the evidence did not establish her counterclaim for consumer fraud. She maintains that the court's findings show consumer fraud as a matter of law. Landlords contend that the Consumer Fraud Act does not apply to the landlord-tenant relationship and that, even if it applies, the court's finding that the evidence did not establish a claim under the Act was not clearly erroneous.

■ Our primary objective in construing a statute is to effectuate the intent of the Legislature. *Burlington Elec. Dep't v. Vermont Dep't of Taxes*, 154 Vt. 332, 335, 576 A.2d 450, 452 (1990). Generally, we presume the Legislature intended the plain meaning of the statutory language. *Id.* The Consumer Fraud Act provides that "[u]nfair methods of competition in commerce, and unfair or deceptive acts or practices in com-

merce, are hereby declared unlawful." 9 V.S.A. § 2453(a). The purpose of the Act is to protect the public from unfair and deceptive business practices and to encourage fair and honest competition. 9 V.S.A. § 2451; *Gramatan*, 143 Vt. at 536, 470 A.2d at 1162.

■ Consistent with its broad remedial purpose, the Act allows "[a]ny *consumer* who contracts for *goods or services* in reliance upon false or fraudulent representations or practices prohibited by [9 V.S.A. § 2453]" to bring suit against the violator and recover damages, reasonable attorney's fees, and "exemplary damages not exceeding three times the value of the consideration given by the consumer." 9 V.S.A. § 2461(b). "Consumer" is defined by the Act as:

> any person who purchases, *leases*, contracts for, or otherwise agrees to pay consideration for goods or services not for resale in the ordinary course of his trade or business but for his use or benefit or the use or benefit of a member of his household or in connection with the operation of his household . . . .

9 V.S.A. § 2451a(a) (emphasis added). "Goods or services" include: "any objects, wares, goods, commodities, work, labor, intangibles, courses of instruction or training, securities, bonds, debentures, stocks, *real estate*, or other property or services of any kind." 9 V.S.A. § 2451a(b) (emphasis added). The plain meaning of the statutory language indicates that the Act applies to real estate leases, which includes residential rental agreements.

Landlords argue that, because the Residential Rental Agreements Act specifically regulates the landlord-tenant relationship, it precludes applying the more general Consumer Fraud Act. "When two contemporaneous statutory provisions conflict, the more specific provision is given effect over the more general one." *Oxx v. Vermont Dep't of Taxes*, 159 Vt. 371, 374, 618 A.2d 1321, 1323 (1992). Further, landlords claim that "if two statutes deal with the same subject matter, the more recent legislative enactment will control." *Lomberg v. Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980). Here, we find no conflict, however. See *49 Prospect Street Tenants Ass'n v. Sheva Gardens, Inc.*, 547 A.2d 1134, 1143 (N.J. Super. Ct. App. Div. 1988) ("the Con-

sumer Fraud Act does not conflict with the various special statutes involving the landlord-tenant relationship").

■■ The Residential Rental Agreements Act does not deal with the same subject matter as the Consumer Fraud Act. Tenant's claim under the Residential Rental Agreements Act is for breach of a warranty based on landlords' failure to keep the premises safe and clean. See 9 V.S.A. §§ 4457 & 4458. Her claim under the Consumer Fraud Act is for unfair or deceptive acts in commerce. See 9 V.S.A. § 2453. These are separate and distinct claims. There is no indication that by enacting the Residential Rental Agreements Act, the Legislature intended to deny tenants the additional protections provided by the Consumer Fraud Act. See *49 Prospect Street*, 547 A.2d at 1141 (reversing trial court, which held specific landlord-tenant statutes precluded claim under general consumer fraud law); see also *McGrath v. Mishara*, 434 N.E.2d 1215, 1221 (Mass. 1982) ("mere fact that these statutes contain some overlapping prohibitions and remedies does not establish a legislative intent to preclude their concurrent application"). Because the Residential Rental Agreements Act does not govern all aspects of the landlord-tenant relationship, it does not preclude other claims between tenants and landlords.

Courts in other jurisdictions have also concluded that their consumer protection statutes apply to the landlord-tenant relationship. See, e.g., *Carter v. Mueller*, 457 N.E.2d 1335, 1342 (Ill. Ct. App. 1983); *Love v. Amsler*, 441 N.W.2d 555, 559 (Minn. Ct. App. 1989) and cases cited at 558 n.1; *49 Prospect Street*, 547 A.2d at 1141–42; *Commonwealth v. Monumental Properties, Inc.*, 329 A.2d 812, 820 (Pa. 1974). But see *Heritage Hills, Ltd. v. Deacon*, 551 N.E.2d 125, 127–28 (Ohio 1990) (consumer sales practices law does not apply to leases of real property because this definition of "consumer transaction" was specifically rejected by the legislature). We hold that the Consumer Fraud Act applies to landlord-tenant transactions.

■ Tenant argues that the court's findings establish that landlords' acts were unfair and deceptive as a matter of law. Ordinarily, the conclusions of the trial court are upheld where they are supported by the findings; however, conclusions that are not supported by the findings cannot stand. *Dartmouth*

*Savings Bank v. F.O.S. Assocs.*, 145 Vt. 62, 66, 486 A.2d 623, 625 (1984).[2] Under the Consumer Fraud Act, a "deceptive act or practice" is a material representation, practice or omission likely to mislead a reasonable consumer. *Peabody v. P.J.'s Auto Village, Inc.*, 153 Vt. 55, 57, 569 A.2d 460, 462 (1989). A representation with the capacity or tendency to deceive is sufficient to establish the claim. *Id.* By renting the apartment, landlords impliedly represented to tenant that the apartment was in compliance with the law. Landlords knew, however, at that time, that the apartment was in violation of health and safety codes and that they had not obtained a certificate of occupancy. This misrepresentation was material because the information would reasonably have affected tenant's decision to rent the apartment. See *id.* at 58, 569 A.2d at 462. Landlords committed a deceptive act by renting an apartment that was in violation of law. See *Conaway v. Prestia*, 464 A.2d 847, 851 (Conn. 1983) (landlords violated consumer protection law by renting housing without obtaining certificates of occupancy).

■ Further, the court found that tenant "entered into possession of the demised premises without knowledge of the full extent of the deficiencies which were found later to exist. The only deficiencies she knew of were those which she was falsely assured would be corrected." Landlords knew of the additional deficiencies, yet failed to inform tenant. It was reasonable for tenant to believe that there were no other deficiencies and that repairs promised would be made. We agree with tenant that the court's findings establish a violation of 9 V.S.A. § 2461(b) as a matter of law. Moreover, because she prevailed on the consumer fraud claim, she is entitled to an award of attorney's fees on this claim. *Gramatan*, 143 Vt. at 536, 470 A.2d at 1162.

Tenant also claims that she is entitled to exemplary damages because she has shown that landlords acted with malice, ill will, or wanton disregard for her health and safety. Where there has been a violation of 9 V.S.A. § 2461(b), the court must award

---

[2] Landlords' contention that the court's finding is not clearly erroneous mischaracterizes tenant's claim. She does not challenge the court's findings, and therefore the clearly erroneous standard is not applicable. See V.R.C.P. 52(a)(2) (findings of fact not set aside unless clearly erroneous).

exemplary damages if landlords' acts were committed with malice, ill will, or wanton disregard for tenant's rights and interests. See *Bruntaeger v. Zeller*, 147 Vt. 247, 252, 515 A.2d 123, 127 (1986). Because the trial court did not reach this issue, we must remand for its consideration in the first instance.

*Reversed and remanded. On remand, the court shall consider whether tenant is entitled to exemplary damages and shall award attorney's fees.*