ROSEMARIE LOMACK, APPELLANT, V.
LELA KOHL-WATTS, APPELLEE.

688 N.W.2d 365

Filed November 2, 2004.   No. A-03-315.

Theodore W. Vrana for appellant.

No appearance for appellee.

IRWIN, MOORE, and CASSEL, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Rosemarie Lomack appeals an order of the district court for Lancaster County, Nebraska, which affirmed an order of the county court denying Lomack's request for attorney fees in an action brought pursuant to Neb. Rev. Stat. § 76-1416 (Reissue 2003) against Lomack's landlord, Lela Kohl-Watts. The county court awarded a return of Lomack's security deposit, but denied Lomack's request for attorney fees. On appeal, the district court determined that in an action for the return of security deposit, an award of attorney fees is discretionary; the district court then found that the county court was not clearly erroneous in denying Lomack's request for attorney fees. We find that if a party prevails in an action under § 76-1416(2) for the return of security deposit, § 76-1416(3) entitles that party to an award of attorney fees. However, in order to determine the amount of attorney fees to be awarded, sufficient evidence must be presented to prove the amount of fees to be awarded.

## II. BACKGROUND

Lomack filed an action in county court on May 9, 2001, seeking a return of a $1,000 security deposit Lomack had paid to Kohl-Watts. A trial was held on June 18, 2002, and the county court ordered Kohl-Watts to pay Lomack $1,000 plus costs as a return of Lomack's security deposit. However, the court denied Lomack's request for attorney fees.

Lomack appealed the county court's denial of her request for attorney fees to the district court. The district court affirmed the county court's ruling, stating that § 76-1416, the statute under

which Lomack prevailed for a return of her security deposit, did not mandate an award of attorney fees. The district court further held that because there was a "genuine dispute over whether [Lomack] had breached the lease," the county court's decision denying Lomack's request for attorney fees was not clearly erroneous.

This appeal now follows.

## III. ASSIGNMENT OF ERROR

Lomack's only assignment of error is that the county court erred in failing to award her attorney fees.

## IV. ANALYSIS

Lomack argues that the county court erred in failing to award her attorney fees, because the Uniform Residential Landlord and Tenant Act required the court to award such fees. In support of her argument, Lomack cites to § 76-1416, which provides in pertinent part:

> (2) Upon termination of the tenancy, property or money held by the landlord as prepaid rent and security may be applied to the payment of rent and the amount of damages which the landlord has suffered by reason of the tenant's noncompliance with the rental agreement or section 76-1421. The balance, if any, and a written itemization shall be delivered or mailed to the tenant within fourteen days after demand and designation of the location where payment may be made or mailed.

> (3) If the landlord fails to comply with subsection (2) of this section, the tenant may recover the property and money due him or her and reasonable attorney's fees.

Lomack argues that when the county court determined that Kohl-Watts owed the security deposit to Lomack, the court was required to also award Lomack reasonable attorney fees. Kohl-Watts did not file a brief with this court.

We can find no Nebraska case law that has addressed whether the recovery of attorney fees under § 76-1416(3) is at the discretion of the trial court. However, in *Hilliard v. Robertson*, 253 Neb. 232, 570 N.W.2d 180 (1997), the Nebraska Supreme Court determined that a tenant was entitled to a return of her security deposit

under § 76-1416(2), and the Supreme Court remanded the case for a determination of the tenant's attorney fees. Specifically, in *Hilliard*, the trial court determined that the tenant was entitled to a return of the security deposit, this court reversed that finding on the basis that the tenant had not properly demanded the deposit, and the Supreme Court determined that the tenant had in fact properly demanded the return of the deposit by filing against her landlord her counterclaim seeking return of the security deposit. After concluding that the tenant was entitled to a return of the security deposit, the Supreme Court stated:

> [T]he Court of Appeals . . . was incorrect in remanding the issue of the security deposit to the district court with directions to vacate. This cause is remanded to the Court of Appeals with directions to remand to the district court. The Court of Appeals is to direct the district court to affirm the judgment of the county court and to remand the case to the county court to determine the reasonable attorney fees to be awarded to [the tenant] under § 76-1416(3) because of the [landlord's] failure to return the security deposit.

*Hilliard*, 253 Neb. at 240, 570 N.W.2d at 185.

We read the Supreme Court's statement to indicate that § 76-1416(3), the provision permitting a tenant to recover reasonable attorney fees if a landlord fails to comply with § 76-1416(2), is not at the discretion of the trial court. If a tenant prevails in an action against a landlord for failure to return a security deposit as provided for under § 76-1416(2), the tenant is entitled to a return of the security deposit *and* reasonable attorney fees.

Furthermore, we find that other states have interpreted provisions similar to § 76-1416(3) in this same fashion. The Supreme Court of Ohio determined that a provision of Ohio's Revised Code nearly identical to § 76-1416(3) entitled the tenant to recover attorney fees if the tenant prevailed on the underlying claim that the landlord failed to properly return a security deposit owed to the tenant. See *Smith v. Padgett*, 32 Ohio St. 3d 344, 513 N.E.2d 737 (1987). Specifically, the section at issue in *Smith* provided that if a landlord failed to return a security deposit owed to a tenant, then " 'the *tenant may recover* the property and money due him, together with damages in an amount equal to the amount wrongfully withheld, and *reasonable attorneys fees*.' "

*Id.* at 348, 513 N.E.2d at 741. The Ohio Supreme Court held that where a landlord wrongfully withholds a portion of a tenant's security deposit, the landlord "is liable for damages equal to twice the amount wrongfully withheld *and for reasonable attorney fees. . . .* Such liability is *mandatory . . . .*" (Emphasis supplied.) *Id.* at 349, 513 N.E.2d at 742. The court further stated: "If the trial court finds that a landlord has wrongfully withheld a portion of the tenant's security deposit, it shall determine the amount of reasonable attorney fees to be awarded on the basis of the evidence presented. Such determination shall not be reversed except upon abuse of discretion." *Id.*

Similarly, the Supreme Court of Vermont determined that a provision of the Vermont Residential Rental Agreements Act with similar wording to § 76-1416(3) entitled the tenant to recover attorney fees if the tenant prevailed on the underlying claims. See *Bisson v. Ward*, 160 Vt. 343, 628 A.2d 1256 (1993). The section at issue in *Bisson* provided the following: If a landlord failed to comply with habitability obligations, the tenant gave notice, the landlord failed to make repairs, and the noncompliance materially affected health and safety, then "*the tenant may*: . . . (3) recover damages, costs and reasonable attorney's fees." 160 Vt. at 346, 628 A.2d at 1258. The Vermont Supreme Court stated that the legislature's use of the words "the tenant *may* recover" was not intended to give the court discretion in awarding attorney fees, but was to vest the discretion in the tenant to elect his or her remedies. The court then remanded the case for an award of attorney fees, as well as for a determination of another issue not pertinent to the case before us now.

The Courts of Appeals for South Carolina, Kansas, and Oregon have also held similarly. See, *Prevatte v. Asbury Arms*, 302 S.C. 413, 415, 396 S.E.2d 642, 643 (S.C. App. 1990) (in action for return of security deposit under South Carolina Residential Landlord and Tenant Act with wording similar to § 76-1416(3), court held that "statute entitles the prevailing tenant to attorney's fees as a matter of right; but the statute also gives the judge broad discretion to determine the amount of the fees, depending on the facts and equities of each case"); *Love v. Monarch Apartments*, 13 Kan. App. 2d 341, 344, 771 P.2d 79, 82 (1989) (in action for return of security deposit and damages under Kansas Residential

Landlord and Tenant Act with wording similar to § 76-1416(3), court held that provision stating "tenant may recover . . . security deposit due together with damages in an amount equal to one and one-half the amount wrongfully withheld" did not leave discretion in court to deny statutory damages of "one and one-half the amount wrongfully withheld"); *Beckett v. Olson*, 75 Or. App. 610, 613-14, 707 P.2d 635, 637 (1985) (in action for return of security deposit and damages under Oregon statute with wording similar to § 76-1416(3), court held that "use of 'the tenant *may* recover' rather than 'the tenant *shall* recover' does not give the *court* discretion. Rather it is a statement of the steps the *tenant*, as a matter of right, may take if the landlord does not comply with the statute. If the tenant decides to sue and is successful, the recovery will be the full penalty . . . . Discretion to reduce the award would subvert the statutory purpose"). But cf. *Beets v. Pioneer Western Properties, Corp.*, No. 03A01-9506-CV-00184, 1995 WL 697898 at *2 (Tenn. App. Nov. 28, 1995) (not designated for permanent publication) (interpreting Tennessee Residential Landlord and Tenant Act, having different type of section than § 76-1416(3) but with similar wording, to invest in trial judge discretion to award attorney fees—that "[t]he Act does not contemplate an award of attorney's fees in every case, and the [t]rial [j]udge has broad discretion in deciding this issue").

■ Having determined that a tenant who has prevailed in an action pursuant to § 76-1416(2) is entitled to reasonable attorney fees as a matter of right, we now address the case at bar. The factors to be considered in awarding attorney fees include the services performed and results obtained, the length of time required for preparation and presentation of the case, customary charges of the bar, and the general equities of the case. *Mace v. Mace*, 9 Neb. App. 270, 610 N.W.2d 436 (2000); *Reinsch v. Reinsch*, 8 Neb. App. 852, 602 N.W.2d 261 (1999). Cf. *Boamah-Wiafe v. Rashleigh*, 9 Neb. App. 503, 514, 614 N.W.2d 778, 787 (2000) (stating that in some circumstances, record before court may be complete and detailed enough to support appropriate analysis for determining whether to award attorney fees, and that in other circumstances, attorney seeking such fees should introduce appropriate evidence to substantiate claim for fees; but, also stating that "if an attorney seeks a fee for his or her client, that attorney

should introduce at least an affidavit showing a list of the services rendered, the time spent, and the charges made").

In the case at bar, no evidence was presented to the trial court regarding Lomack's attorney fees. A bill of exceptions is the only vehicle for bringing evidence before an appellate court; evidence which is not made a part of the bill of exceptions may not be considered. *Coates v. First Mid-American Fin. Co.*, 263 Neb. 619, 641 N.W.2d 398 (2002); *Huddleson v. Abramson*, 252 Neb. 286, 561 N.W.2d 580 (1997). Lomack's only showing of attorney fees can be found in the transcript, on a document captioned "Showing by Plaintiff Regarding Attorney's Fees to Be Considered." However, this document was not offered into evidence at trial, nor is it even file stamped by the clerk's office. In fact, Lomack's attorney stated at trial in closing arguments, "I will submit a showing by tomorrow about the fees because there's been more work in this matter than I've ever seen." This statement essentially admitted that the attorney had not presented at trial any evidence regarding Lomack's attorney fees.

As such, Lomack is entitled to an award of reasonable attorney fees pursuant to § 76-1416(3); however, Lomack is *not* entitled to an award of attorney fees, because no evidence was presented such that the trial court could make a meaningful award of fees. See *Mace, supra.* Because the trial court correctly denied Lomack's attorney fees, albeit for the incorrect reason, we affirm the ruling of the county court as affirmed by the district court. See *Thornton v. Grand Island Contract Carriers*, 262 Neb. 740, 634 N.W.2d 794 (2001).

## V. CONCLUSION

We find that if a party succeeds in an action pursuant to § 76-1416(2), § 76-1416(3) entitles that party to an award of attorney fees. In the case at bar, however, Lomack failed to present any evidence regarding attorney fees and thus is not entitled to such an award. For the reasons stated above, we affirm the order of the district court, which affirmed the county court's denial of Lomack's request for attorney fees.

AFFIRMED.