JOSEPH PEPITONE AND ELIZABETH PEPITONE, APPELLANTS, V. KATHERINE S. WINN AND PETER D. WINN, APPELLEES.

722 N.W.2d 710

Filed October 20, 2006.   No. S-05-527.

James Polack, P.C., L.L.O., for appellants.

Kristina B. Murphree, of Berkshire & Blunk, for appellees.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

The issue in this case is whether attorney fees are mandatory under the provision of Neb. Rev. Stat. § 76-2,120(12) (Cum. Supp. 2004) which provides in part: "If a conveyance of real property is not made in compliance with this section, the purchaser shall have a cause of action against the seller and may recover the actual damages, court costs, and reasonable attorney's fees."

## BACKGROUND.

Joseph Pepitone and Elizabeth Pepitone purchased a single family residence in Omaha, Nebraska. They subsequently discovered a preexisting sewer backup problem in the basement of the residence and brought suit against Katherine S. Winn and Peter D. Winn as sellers of the home.

The Pepitones alleged a claim against the Winns for fraudulent misrepresentation; for violation of § 76-2,120; and for violation of Nebraska's Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. (Reissue 2004). The Pepitones sought damages, court costs, attorney fees, and, for their claim under the Consumer Protection Act, injunctive relief.

The Pepitones filed a motion for summary judgment. The Winns attempted to raise various material issues of fact, including their allegation that a corporation was the actual seller of the home. However, on November 12, 2004, the district court granted summary judgment in favor of the Pepitones on their first and second causes of action in the amount of $28,758.74. The court later dismissed the Pepitones' third cause of action under the Consumer Protection Act.

The Pepitones filed a motion for attorney fees. However, the Pepitones failed to attach to the motion any affidavit stating the amount of such alleged fees. The court overruled the Pepitones' motion for attorney fees, noting that the Pepitones "recovered all the damages they alleged based on their affidavits, which w[ere] the only evidence I have." At this point, the Pepitones' attorney offered the affidavits supporting attorney fees into the record, which were admitted after the Winns' attorney expressly stated he had no objection to the offer. The affidavits show an expenditure of $7,280 in attorney fees and $394.29 in expenses,

for a total of $7,674.29. Nonetheless, an order file stamped January 3, 2005, was entered reflecting the district court's denial of attorney fees. The Pepitones filed a motion to alter or amend the district court's ruling denying attorney fees. This motion was overruled, and the Pepitones appeal.

## ASSIGNMENT OF ERROR

The Pepitones assign that the district court erred in determining that under § 76-2,120, an award of attorney fees for a successful plaintiff is discretionary and not mandatory.

## STANDARD OF REVIEW

■ Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the trial court. *Japp v. Papio-Missouri River NRD*, 271 Neb. 968, 716 N.W.2d 707 (2006).

## ANALYSIS

The only issue presented by the Pepitones in their appeal is whether attorney fees for a successful plaintiff are mandatory under § 76-2,120. The relevant statutory provision states in part that "[i]f a conveyance of real property is not made in compliance with this section, the purchaser shall have a cause of action against the seller and may recover the actual damages, court costs, and reasonable attorney's fees." § 76-2,120(12). The issue of whether attorney fees in an action under § 76-2,120 are mandatory is one of first impression for this court.

The Pepitones assert that the Nebraska Court of Appeals' decision in *Lomack v. Kohl-Watts*, 13 Neb. App. 14, 688 N.W.2d 365 (2004), provides support for their argument that fees are mandatory in this case. In *Lomack*, the Court of Appeals concluded that attorney fees were mandatory under the Uniform Residential Landlord and Tenant Act, which provides in relevant part that "the *tenant may recover* the property and money due him or her and reasonable attorney's fees." (Emphasis supplied.) Neb. Rev. Stat. § 76-1416(3) (Reissue 2003). In holding the fees to be mandatory, the court relied on cases from other jurisdictions which focused on the context of the sentence in which the term "may" resided.

For instance, the court in *Bisson v. Ward*, 160 Vt. 343, 628 A.2d 1256 (1993), reasoned that the term "may," as contained in the phrase "tenant may recover," was not intended to give *the court* discretion in awarding attorney fees. The court explained that " 'may' refers to the tenant, not the judge or the court." *Id.* at 347, 628 A.2d at 1259. The court further explained: " 'To the extent that the word "may" connotes discretion, it is a discretion vested in the tenant to elect his remedies, not in the court to deny a remedy clearly provided by the statute.' " *Id.* at 347, 628 A.2d at 1259, quoting *Prevatte v. Asbury Arms*, 302 S.C. 413, 396 S.E.2d 642 (S.C. App. 1990). See, also, *Beckett v. Olson*, 75 Or. App. 610, 707 P.2d 635 (1985). The court in *Bisson* thus found no merit to the landlords' argument that the legislature would have stated "shall" had it intended the award of attorney fees to be mandatory.

We have found similar reasoning from other jurisdictions in cases examining the term "may" in various statutes that use the term in the same way. For instance, the Texas Supreme Court has drawn a general distinction between statutes stating that *a court* "may" award attorney fees and statutes stating that *a party* "may recover" attorney fees. While the former provision is considered discretionary, the latter is considered mandatory. See, *Bocquet v. Herring*, 972 S.W.2d 19 (Tex. 1998) (collecting cases); *Cox v. Wilkins*, No. 03-05-00110-CV, 2006 WL 821202 (Tex. App. Mar. 31, 2006) (unpublished memorandum opinion).

Likewise, the Wisconsin Supreme Court in *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 275 Wis. 2d 1, 13-14, 683 N.W.2d 58, 65 (2004), found mandatory a provision regulating the automobile business which states: " 'Any retail buyer suffering pecuniary loss because of a violation by a licensee . . . may recover damages for the loss in any court of competent jurisdiction together with costs, including reasonable attorney fees.' " The court noted that although the provision did not use the term "shall," the term "may" referred to the buyer/plaintiff and did not refer to the court. This was contrasted with clearly permissive provisions which state that "*the court may* award costs." (Emphasis supplied.) *Id.* at 29, 683 N.W.2d at 72. See, also, *T.W. Morton Builders v. von Buedingen*, 316 S.C. 388, 450 S.E.2d 87 (S.C. App. 1994) (while also examining legislative intent,

concluding that "may" referred to power of claimant, not to discretion of court).

The court in *Kolupar* further noted that alongside "attorney fees," "damages" were stated as an object of "may recover." The court explained: "It would certainly be odd for a circuit judge to decline to impose damages once it has been determined that the plaintiff suffered pecuniary loss as a result of a listed violation . . . ." *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 275 Wis. 2d at 14, 683 N.W.2d at 65. The inference the court made was that it would be "odd" to interpret attorney fees as discretionary where damages and attorney fees shared the same grammatical context.

The Winns, in arguing that attorney fees under § 76-2,120(12) are not mandatory, rely on *State v. Dethlefs*, 239 Neb. 943, 479 N.W.2d 780 (1992). Therein, we found the term "may" to be discretionary in the context of Neb. Rev. Stat. § 29-2261(5) (Reissue 1989), which stated that before imposing a sentence, "the court may order the offender to submit to psychiatric observation and examination." That same statutory subsection later stated that "[t]he report of the examination shall be submitted to the court." See § 29-2261(5). We reasoned: "It is evident to us that the Legislature clearly intended a distinction to be drawn when it used both 'may' and 'shall' in the same statutory provision." *State v. Dethlefs*, 239 Neb. at 945, 479 N.W.2d at 782-83.

The Winns argue that since the provision here in question likewise uses both the terms "shall" and "may," then "may" should also be interpreted as discretionary. They also rely on the general proposition stated by this court that the word "may," when used in a statute, will be given its ordinary, permissive, and discretionary meaning unless it would manifestly defeat the statutory objective. *Spaghetti Ltd. Partnership v. Wolfe*, 264 Neb. 365, 647 N.W.2d 615 (2002).

While § 76-2,120(12) does use both the terms "may" and "shall," the contrasting of those terms does not result in the conclusion that the granting of attorney fees is at the discretion of the court. The statute considered in *Dethlefs* set forth various provisions as to what *the court* "shall" and "shall not" do prior to sentencing. Then, § 29-2261(5) provided that *the court* "may order" a psychiatric observation and examination before sentencing. As we paraphrased, in the event that the court ordered

such a discretionary evaluation, then the evaluation "shall" be submitted to the court.

Here, the "shall" portion of the provision in § 76-2,120(12) establishes a cause of action for the purchaser of real property not made in compliance with the disclosure statement requirements. The other segment of the provision, stating that the purchaser "may recover the actual damages, court costs, and reasonable attorney's fees," uses the term "may" because recovery of damages, court costs, and reasonable attorney fees is dependent upon the purchaser's proving his or her case and proving those elements of recovery.

In other words, the contrasting of the terms "shall" and "may," as well as the general proposition that the word "may" usually connotes discretion, does not resolve the issue presented here. The term "may," insofar as it means that its object is permissive and discretionary, is referring to the purchaser's discretion in pursuing the stated remedies, not to the court's discretion to grant them, once the purchaser's right to them is proved. Compare *State v. County of Lancaster,* ante p. 376, 721 N.W.2d 644 (2006) (focusing on fact that court, not parties, was subject relating to phrase "may allow").

The provision here in issue is analogous to the various provisions discussed in the cases above, because the subject of the sentence is the party and not the court. Thus, while we agree with the Winns that the term "may" is to be understood as discretionary, this does not lead us to the Winns' conclusion that the discretion lies with *the court.* Instead, the discretion lies with "the purchaser."

Furthermore, a court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose. *Salts v. Lancaster Cty.,* 269 Neb. 948, 697 N.W.2d 289 (2005). In enacting § 76-2,120(12), the Legislature provided a purchaser with a new cause of action in addition to other common-law and statutory causes of action available to purchasers of real estate. *Bohm v. DMA Partnership,* 8 Neb. App. 1069, 607 N.W.2d 212 (2000). It follows that in order to achieve the viability of this new cause of action, the Legislature would provide purchasers with a remedy to pursue such a claim without having to bear the burden of

attorney fees. Such a remedy is especially pertinent in disclosure actions because the attorney fees could, in many cases, be more than the underlying damages, thus discouraging purchasers from pursuing claims and sellers from complying with disclosure requirements. The purpose of the statute is best effectuated by the conclusion that once a purchaser's claim is proved, attorney fees are part of the recovery.

In addition, we find persuasive the observation in *Kolupar v. Wilde Pontiac Cadillac, Inc.*, 275 Wis. 2d 1, 683 N.W.2d 58 (2004), regarding the fact that "damages" and "attorney fees" share together their position as the objects that "may" be recovered. That which is implied in a statute is as much a part of it as that which is expressed. *State, ex rel. Johnson, v. Consumers Public Power District*, 142 Neb. 114, 5 N.W.2d 202 (1942). Damages is an element that is commonly understood not to be at the court's discretion to grant, once the injury and a plaintiff's legal entitlement to damages have been shown. It can be inferred that "attorney's fees," where they share in the same position as "damages," are likewise not at the court's discretion to grant, when proved. We hold that attorney fees are mandatory in an action under § 76-2,120(12).

No issue has been presented regarding any failure of proof as to the attorney fees in this case, and affidavits supporting those fees are found in the record. Thus, the district court erred in not awarding attorney fees in an amount substantiated by that evidence.

## CONCLUSION

We reverse the judgment and remand the cause with directions for the district court to enter an award in favor of the Pepitones for reasonable attorney fees in their cause of action against the Winns under § 76-2,120(12).

REVERSED AND REMANDED WITH DIRECTIONS.

HENDRY, C.J., not participating.