632 A.2d 34 (1993)
STATE of Vermont AGENCY OF DEVELOPMENT AND COMMUNITY AFFAIRS, Department of Housing and Community Affairs and Gladys Rivers, Intervenor,
v.
Eugene and Cobelena BISSON.
No. 92-471.
Supreme Court of Vermont.
September 17, 1993.
*35 Robert W. Martin, Jr., and Barbara G. Ripley, Montpelier, for plaintiff-appellant.
Brian Sawyer, Vermont Senior Citizens Law Project, Rutland, for intervenor-appellant.
Timothy W. Shanley, Montpelier, for defendants-appellees.
Before ALLEN, C.J., and GIBSON, DOOLEY, MORSE and JOHNSON, JJ.
DOOLEY, Justice.
In this appeal, we must determine whether the eviction provisions contained in the Vermont Mobile Home Parks Act, 10 V.S.A. §§ 6201-6243, and specifically § 6237 requiring cause for eviction, apply only to persons who own a mobile home and rent a mobile home lot from a park owner, or also to those who rent both the mobile home and the lot. The Vermont Department of Housing and Community Affairs and two individual mobile home renters appeal from the superior court's ruling that a recent amendment to the Mobile Home Parks Act was intended to make it applicable only to mobile home owners who rent a mobile home park lot. We reverse.
The facts of the case are not in dispute. For several years, Dale Bullock and Gladys Rivers rented[1] mobile homes in the Forest Dale Mobile Home Park in Brandon, Vermont, before it was purchased by defendants, Eugene and Cobelena Bisson. The Bissons did not offer a lease to either renter. The Town of Brandon cited defendants for rental housing code violations and ordered them to make repairs on the rented mobile homes. Shortly thereafter, in January 1992, Mr. Bisson *36 informed those persons renting mobile homes from him that they either would have to purchase the mobile homes on his terms or vacate the homes after he sold them to third parties. Both Mr. Bullock and Ms. Rivers wanted to continue renting the homes.
In February 1992, defendants sent Mr. Bullock a notice to vacate within thirty days, pursuant to 9 V.S.A. § 4467(d) (Landlord and Tenant Act; termination of tenancy when property is sold), informing him that the mobile home he was renting had been sold to a third party. Ms. Rivers later received a similar notice to vacate. Defendants concede that neither Mr. Bullock nor Ms. Rivers had been delinquent in rent payments or had violated any park rule or regulation.
In March 1992, the Vermont Department of Housing and Community Affairs[2] filed a complaint seeking (1) a declaration that the Mobile Home Parks Act applies to renters of mobile homes, including Mr. Bullock; and (2) an injunction preventing defendants from evicting mobile home renters on grounds other than those specified in § 6237. Shortly thereafter, Ms. Rivers was permitted to intervene. Relying on a recent amendment to the Mobile Home Parks Act, the court ruled that the rights of a person who rents a mobile home situated in a mobile home park are governed by the Landlord and Tenant Act, 9 V.S.A. §§ 4451-4468 (residential rental agreements), and 12 V.S.A. §§ 4851-4856 (ejectment), not the Mobile Home Parks Act.
On appeal, plaintiffs argue that § 6237 unambiguously applies to renters of mobile homes, that only those provisions in Title 9 and Title 12 that are consistent with the provisions of the Mobile Home Parks Act apply to mobile home renters, and that 9 V.S.A. § 4467(d) does not apply to renters of mobile homes because it is inconsistent with § 6237. We agree and, accordingly, reverse the superior court's decision.
Vermont's Mobile Home Parks Act became law in 1970. At the center of this dispute is § 6237(a) of the Act, which provides that "[a] mobile home resident may only be evicted for nonpayment of rent or for a substantial violation of the lease terms of the mobile home park, or if there is a change in use of the park land or parts thereof or a termination of the mobile home park." By allowing evictions only for cause, this provision is a clear exception to the general landlord and tenant law of Vermont, which allows evictions without cause in the absence of a written rental agreement. 9 V.S.A. § 4467(c).[3] If § 6237 applies to renters of mobile homes as well as renters of lots, plaintiffs will prevail. If not, defendants will prevail.
A "mobile home park resident" is defined as "an individual, individuals, or family who occupies a mobile home on a permanent or temporary basis in a mobile home park." 10 V.S.A. § 6201(6) (emphasis added). The use of the word "resident," and the use of the words "occupies" and "temporary" to define resident, make it clear that § 6237 applies to renters, as well as to owners, of mobile homes. See Black's Law Dictionary 1079 (6th ed. 1990) (defining "occupy" as, among other things, "to hold possession of" and "to tenant"); In re Vermont Nat'l Bank, 157 Vt. 306, 312, 597 A.2d 317, 320 (1991) (words not defined in statute are to be given their plain and ordinary meaning, which can be taken from a dictionary).
Notwithstanding defendants' arguments to the contrary, none of the other provisions of the statute, read alone or in conjunction with one another, suggest that § 6237 applies only to mobile home owners.[4] We find little significance *37 in the fact that § 6237 uses the term "mobile home resident" rather than "mobile home park resident," or that certain sections of the statute refer to the lease of mobile home lots. See 10 V.S.A. §§ 6236, 6238, 6242. Indeed, the selective use of the terms "mobile home resident" and "mobile home owner," and the terms "mobile home" and "mobile home lot," suggests that the Legislature intended to distinguish the terms. See Trombley v. Bellows Falls Union High School Dist. No. 27, ___ Vt. ___, ___, 624 A.2d 857, 860 (1993) (we presume language is inserted in statute advisedly); State v. Tierney, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980) (in construing statutes, give effect to every word, clause and sentence if possible).
Given the unambiguous language of §§ 6237 and 6201(6), the only issue is whether the Legislature intended, by its 1988 amendments to the Mobile Home Parks Act and the Landlord and Tenant Act, to make the former statute inapplicable to renters of mobile homes. As originally enacted in 1986, the Landlord and Tenant Act did not apply to the "occupancy and rental of a mobile home or a mobile home lot, if the occupancy and rental" was governed by the Mobile Home Parks Act. 1985, No. 175 (Adj.Sess.), § 1. In 1988, however, the Legislature amended 9 V.S.A. § 4452(6) to exclude only "rental of a mobile home lot governed by" the Mobile Home Parks Act. 1987, No. 252 (Adj.Sess.), § 1. At the same time, the Legislature amended the Mobile Home Parks Act by adding 10 V.S.A. § 6204(c), which provides:
To the extent that they are consistent with this chapter, the provisions of chapter 137 of Title 9 (residential rental agreements) and the provisions of subchapter 3 of chapter 169 of Title 12 (eviction) shall apply to the occupancy and rental of a mobile home but not to the rental of a mobile home lot.
1987, No. 252 (Adj.Sess.), § 2.
By amending the Landlord and Tenant Act, the Legislature plainly intended to make the provisions of the Act applicable to renters of mobile homes. This interpretation is also supported by language of the bill amending the Mobile Home Parks Act, which stated that the purpose of the amendment was "to apply the law relating to residential rental agreements to the rental of mobile homes." H. 53 of 1987.
The trial court relied upon the Landlord and Tenant Act amendment to determine that § 6237 of the Mobile Home Parks Act does not apply to renters of mobile homes. However, the court erred in not considering the relationship between the two acts, which are in many ways complementary legislation. The Landlord and Tenant Act contains the general law of landlord and tenant relations that is customarily applicable in any context. The Mobile Home Parks Act contains specific requirements applicable only to landlord and tenant relationships within a mobile home park. Except in the case of a direct inconsistency, these acts can coexist so that the requirements of both can be applicable to the rental of a mobile home. Cf. Bisson v. Ward, ___ Vt. ___, ___, 628 A.2d 1256, 1260-61 (1993) (Landlord and Tenant Act does not conflict with Consumer Fraud Act).
If, however, conflict does arise between the Landlord and Tenant Act and the Mobile Home Parks Act, the latter controls. Indeed, § 6204(c) explicitly states that the provisions of the Landlord and Tenant Act apply only "[t]o the extent that they are consistent with . . . the provisions" of the Mobile Home Parks Act. In this case, defendants sent plaintiffs Bullock and Rivers notices to vacate pursuant to § 4467(d) of the Landlord and Tenant Act. Section 4467(d) allows a landlord to terminate a tenancy on thirty days' notice if there is no written rental agreement and the landlord has contracted to sell the rental property. Because this provision would permit eviction on grounds other than those stated in § 6237 of the Mobile Home Parks Act, it is inconsistent with § 6237, and therefore does not apply to renters of mobile homes.
Accordingly, we conclude that the 1988 amendments to the Mobile Home Parks Act and the Landlord and Tenant Act do not *38 render § 6237 inapplicable to renters of mobile homes. The amendment to § 4452(6) of the Landlord and Tenant Act simply assures that the provisions in the Landlord and Tenant Act are applicable to renters of mobile homes; it does not directly address the applicability of the Mobile Home Parks Act to mobile home renters. Furthermore, the Legislature left intact the use of the term "mobile home resident" in § 6237 and the broad definition of that term in § 6201(6). The defendants are in effect asking us to apply § 6204(c) as if the operative word is "inconsistent" rather than "consistent," the word actually contained in the statute. We would do great violence to the Legislature's direction by interpreting the key word in the Mobile Home Parks Act statute as its opposite.
Defendants also argue that applying the eviction provisions of § 6237 to renters of mobile homes would mean that those renters would be treated more favorably than other renters for no apparent purpose. According to defendants, § 6237 is intended to give mobile home owners, who can move their homes only at some cost and with some inconvenience, additional protection against arbitrary eviction. They contend that extending this protection to renters of mobile homes is irrational.
We acknowledge that the purpose stated by defendants is an underlying purpose of the Mobile Home Parks Act. See Eamiello v. Liberty Mobile Home Sales, Inc., 208 Conn. 620, 546 A.2d 805, 818-19 (1988) (recognizing that, absent protective legislation, park owners were able to dictate unfair lease terms to mobile home owners because of limited availability of space and high cost of relocation), appeal dismissed, 489 U.S. 1002, 109 S.Ct. 1104, 103 L.Ed.2d 169 (1989). See generally Note, The Community and the Park Owner Versus the Mobile Home Park Resident: Reforming the Landlord-Tenant Relationship, 52 B.U.L.Rev. 810 (1972) (detailing predicament of mobile home owners that led to protective legislation). We do not accept, however, that it is necessarily the only purpose.
In its findings supporting the Mobile Home Parks Act, the Legislature stated that "there is a substantial need for new housing... for moderate and low-income groups, which need is likely to increase in the future," that the "construction of conventional homes has failed to provide sufficient low cost housing," and that "most of the new housing available to moderate and low-income groups consists of mobile homes." 1969, No. 291 (Adj.Sess.), § 1(d), (e). Addressing these problems, the Legislature stated that one of the purposes of the Act is "to protect the health, safety and welfare of the residents of mobile home developments." Id. § 2. Accordingly, § 6237 provides owners and renters of mobile homes, who tend to be lower-income groups that may have difficulty finding alternative housing, added security from arbitrary eviction. This is a sufficient rationale for treating mobile home renters different from other renters. Cf. Hurricane v. Kanover, Ltd., 651 P.2d 1218, 1222 (Colo.1982) (rejecting park owner's claim that mobile home statute violated equal protection by giving greater protection to mobile home tenants than to apartment tenants because statutory classification, which involved neither fundamental right nor suspect class, bore rational relationship to legitimate state interest).
Finally, defendants briefly argue, without citation to relevant authority, that if § 6237 applies to mobile home renters, it violates Chapter I, Article 1 of the Vermont Constitution (right to acquire, possess and protect property) because it effectively prevents mobile home owners from selling their mobile homes. This argument is both factually and legally flawed. Owners of mobile homes are not prevented from selling the mobile homes; rather, the owners have to sell the homes subject to the tenancy of the renters, unless one of the grounds for eviction in § 6237 is applicable. This is similar to the limitations the Mobile Home Parks Act places on the park owner who rents lots to mobile home owners. The park owners may sell the park, but subject to the continued tenancy of the lot renters. In this context, courts have rejected the argument that a mobile home statute that effectively creates a perpetual lease by limiting grounds for eviction violates the federal takings clause. *39 See, e.g., Gibbs v. Southeastern Inv. Corp., 705 F.Supp. 738, 743 (D.Conn.1989) (mobile home statute that limits grounds for eviction "merely regulates a landlord-tenant relationship once the landowner has voluntarily entered into such"); Eamiello, 546 A.2d at 818 (mobile home law that restricts grounds for eviction "merely regulates the use to which private property may be put"). For the same reasons relied on by these courts, we find no constitutional violation in applying § 6237 to renters of mobile homes.
Reversed and remanded.
NOTES
[1] For the purposes of this opinion, the term "renter" is used to mean those who rent mobile homes from others, not those who rent to others. The term "tenant" will not be used in order to avoid possible confusion in discussion of the Landlord and Tenant Act.
[2] The Mobile Home Parks Act provides that the Governor must designate the agency or department which will administer the Act. 10 V.S.A. § 6201(5). By Executive Order, the Vermont Department of Housing and Community Affairs, a part of the Agency of Development and Community Affairs, was designated to administer § 6237. 3 V.S.A.App. ch. 7, Executive Order No. 84-90 (Jan. 22, 1990). The agency designated by the Governor is entitled to sue for an injunction against violations of the Act. See 10 V.S.A. § 6205(b).
[3] For month-to-month tenants, sixty-days' notice is required to evict without cause. 9 V.S.A. § 4467(c)(1). Defendants are relying on a provision that shortens the required notice period to thirty days when the building is sold. See 9 V.S.A. § 4467(d).
[4] Defendants candidly admit that the wording of §§ 6201(6) and 6237 support plaintiffs' position but call it a matter of "legislative oversight." If the Legislature failed to express its intent, and we have no evidence this is true, the remedy in this case must lie in the Legislature.