Atkins v. Bachand, No. S0894-03 CnC  (Norton, J., June 24, 2005)


[The text of this Vermont trial court opinion is unofficial.  It has been reformatted from the original.  The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                          SUPERIOR COURT
Chittenden County, ss.:                                    Docket No. S0894-03 CnC


DAVID A. ATKINS and BETTY B. ATKINS,
d/b/a WESTBURY PARK

v.

THERESA BACHAND and NICHOLE BACHAND


ENTRY

        This matter concerns an eviction proceeding against Theresa and Nichole Bachand. Theresa Bachand rents a lot for her mobile home from the plaintiff, Westbury Park. Nichole Bachand resides in Theresa's mobile home. The Bachands have filed a summary judgment motion, arguing that the lease provision that Westbury invokes to evict them is unenforceable because it is not uniformly applied to all tenants pursuant to the Vermont Mobile Home Parks Act, 10 V.S.A. § 6236(a). The Bachands reserved their right to raise other defenses that they mentioned in their answer.[1] Westbury has filed a cross-motion for summary judgment.

_____

        [1] The Bachands subsequently filed a second summary judgment motion regarding their counterclaim of discrimination under 9 V.S.A. §§ 4501(2), 4503(a)(1) and regarding their defense that the lease term at issue is void and unenforceable as a matter of public policy in Vermont. The court makes no ruling on this second summary judgment motion at this time.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." V.R.C.P. 56(c)(3). Where both parties seek summary judgment, each is entitled to the benefit of all reasonable doubts and inferences when the other party's motion is being judged. Toys, Inc. v. F.M. Burlington Co., 155 Vt. 44, 48 (1990).

Theresa Bachand is a mobile home owner who rents a plot of land at Westbury Park. Since she purchased the home in May 2000, her daughter, Nichole Bachand, has periodically lived in the mobile home. In January 2003, Nichole formally applied to Westbury to rent the mobile home from her mother. On her application, she revealed that she had a criminal record. Citing a lease provision which states that tenants must have "[n]o past criminal prosecution (excluding minor motor vehicle convictions)," Westbury denied Nichole's application and informed her that she could not occupy the mobile home. When Nichole refused to vacate the premises, Westbury commenced eviction proceedings against both her and Theresa.

Among other defenses, the Bachands argue that Westbury has failed to apply the "no criminal prosecution" provision uniformly, as required by the Vermont Mobile Home Parks Act. Section 6236(a) of the Act provides that "[a]ny lease term which is not uniformly applied to all mobile home residents of the same or a similar category shall be unenforceable." 10 V.S.A. § 6236(a). The Bachands provide, as evidence that Westbury has not applied the "no criminal prosecution" clause uniformly, an affidavit from a Vermont Department of Corrections official. The official states that she is aware of 21 people with have past criminal prosecutions living at Westbury. The official was not able to provide the names of these individuals because of the Department's confidentiality policies.

The Bachand's evidence does not comply with standards for a summary judgment motion. V.R.C.P. 56(e) requires that "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The affidavit here does not reveal whether the Department official's statement is based on her personal knowledge, and it is more than likely that her knowledge of the 21 individuals with past criminal records comes from Department records. (It is highly unlikely that this official has personal knowledge of the criminal histories of 21 individuals who happen to live at

Westbury.) The Department records are hearsay, and the Bachands fail to provide the foundation under which such records could be admitted under the hearsay exception for public records. See V.R.E. 803(6). Thus, the Bachands have not provided appropriate, admissible evidence to support their assertion that Westbury has not applied the "no criminal prosecutions" clause uniformly.

But even if the court were to consider the Department official's affidavit, the affidavit does not provide sufficient evidence to demonstrate that Westbury has failed to enforce the clause uniformly. The affiant merely asserts that there are 21 individuals at Westbury with criminal backgrounds. She does not provide any inference by which a reasonable trier of fact could find that Westbury knows of these individuals' criminal histories and deliberately fails to take action. The court has no reason to believe that these 21 mysterious individuals would truthfully reveal their criminal backgrounds to Westbury. Indeed, Westbury did not ascertain Nichole Bachand's criminal history until she revealed it in her rent application.

To supplement their summary judgment motion, the Bachands have provided additional sealed evidence detailing the criminal histories of four mobile home owners at Westbury. This evidence suffers from the same deficiency noted above, though, because it provides no inference whereby a reasonable trier of fact could determine that Westbury knows of the criminal histories. Again, the court has no reason to believe that these four mobile home owners revealed their criminal background to Westbury.

The court is also not persuaded that the statutory uniformity provision requires landlords to enforce lease provisions before the landlords are even made aware that a tenant is violating the provisions. Such a requirement would force landlords to undergo extensive background checks and constant surveillance to ensure that no tenant is violating any portion of the lease. Courts generally look to statutes' plain meaning to divine legislative intent, State v. Carroll, 175 Vt. 571, 572 (2003), and avoid interpretations that "'lead to absurd or irrational consequences,'" Will v. Mill Condominium Owners' Ass'n, 176 Vt. 380, 387–88 (2004) (quoting Braun v. Bd. of Dental Exam'rs, 167 Vt. 110, 117 (1997)). Although the Legislature generally intended the Vermont Mobile Home Parks Act "'to protect the health, safety and welfare of the residents of mobile home developments,'" State v. Bisson, 161 Vt. 8, 14 (1993) (quoting 1969, No. 291 (Adj. Sess.), § 2); see also Note, Security of Tenure For the Residential Tenant, 21 Vt. L. Rev. 1015, 1057–58 (1997) (discussing purpose of Act), the court does

not believe that the Legislature intended the uniformity provision to pose an absurd and unreasonable burden on mobile home landlords to constantly ensure that no tenant is in violation of a lease.

Accordingly, the Bachands have failed to demonstrate that Westbury has enforced its "no criminal prosecutions" lease provision in a non-uniform manner. Their summary judgment motion is denied.

With respect to Westbury's motion, Westbury requests summary judgment entirely in its favor. Westbury's motion, however, responds only to the Bachands' motion, which tests one of several defenses. The Bachands do not address in this motion the other allegations in their answer. These allegations include defenses that the "no criminal prosecution" provision unlawfully discriminates against Nichole and that the provision is not "reasonable and fair" under § 6236, among other defenses. The court therefore grants Westbury's cross-motion for summary judgment only insofar as it relates to the defense that the "no criminal prosecutions" lease provision is non-uniform under § 6236.

## ORDER

For the foregoing reasons, the Bachands' summary judgment motion is DENIED and Westbury's summary judgment motion is GRANTED in part and DENIED in part.

Dated at Burlington, Vermont, June 24, 2005.

_____/s/_____
Judge

4