Filed 07/25/24

Or theVERMONT SUPERIOR
COURT
Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 24-CV-00487

| Addison County Community Trust v. Eugene Streeter et al |
| --- |

# FINDINGS AND ORDER

This is an ejectment matter in the Civil Division. Plaintiff Addison County Community Land Trust seeks eviction of Eugene Streeter and Josh Jerger from 74 Hillside Drive, Hillside Mobile Home Park, Starksboro, Vermont. Plaintiff contends Defendants are not lawful tenants or subtenants at the property and pursuant to 12 V.S.A. §4921 are in wrongful possession of the property.

Default is granted against all Defendants other than Mr. Streeter as set forth below. Judgment is entered in Mr. Streeter's favor as to Plaintiff's complaint against Mr. Streeter.

## Facts

The following facts are found by a preponderance of evidence standard.

Addison County Community Land Trust (Plaintiff) is the owner of 74 Hillside Drive, Hillside Mobile Home Park, Starksboro, Vermont.

On June 18, 2019, Plaintiff entered into a written lease agreement with Eugene Raymond. The lease provided that Eugene Raymond would lease lot 17, known as 74 Hillside Drive, Starksboro, Vermont for a manufactured home owned by Eugene Raymond designated as Venture MFG Serial #3794356. The lot rent was $325.00 per month.

The lease between Plaintiff and Eugene Raymond included a clause that "RESIDENT shall not lease or sell, or sublet or assign, any interest in the Premises, or any interest in this Lease, without the express prior written consent of OWNER. A written request by the RESIDENT for OWNER'S approval must be submitted with a completed Mobile Home Park Application completed by the sublessee, lessee, assignee or purchaser, as the case may be. Any subletting or assignment of the Lease, Without prior written consent of the OWNER, constitutes a substantial Violation of this Lease. The OWNER'S consent to subletting does not relieve the RESIDENT of any obligation to OWNER. Mr. Raymond did not submit a written request for subletting or assigning the interest in the lease to the mobile home park owner.

Eugene Raymond died on January 4, 2024. Eugene Streeter is Eugene Raymond's son. On March 20, 2024, Eugene Streeter filed a petition to open decedent's estate in the Vermont Superior Court, Addison District, Probate Division, listing the trailer located at 74 Hillside Drive, Straksboro, Vermont

as an estate asset. Mr. Streeter has attempted to secure a certified copy of his father's death certificate from the Starksboro Town Clerk by sending a check to the clerk's office. The clerk's office has not responded to the request. Mr. Streeter expects that when a probate estate is opened by the court, he will be given the right to sell the trailer.

Eugene Streeter is currently lodged with the Vermont Department of Corrections. Mr. Streeter has not occupied the residence in several years. Other than maybe one or two nights, he has not spent any overnights at 74 Hillside Drive, Starksboro, Vermont, since he was a teenager. After his father's passing Mr. Streeter made attempts to clean out his father's belonging from the trailer. Eugene Streeter has not given anyone permission to live at his father's residence. However, people did enter the residence, causing damage and law enforcement had been called to investigate whether illegal activity was occurring there. Mr. Streeter asked a neighbor to screw the doors shut previously and that did not occur. Mr. Streeter stipulated that an order of possession may issue to remove anyone from the property, and that Addison County Community Land Trust may lock or otherwise secure the doors to the premises.

Plaintiff filed a demand for possession of the premises on April 5, 2024. The demand for possession was sent to Josh Jerger and all occupants at 74 Hillside Drive, Starksboro, Vermont and Eugene Streeter, Northeast Regional Correctional Facility.

A final hearing was held on the complaint June 21, 2024. Plaintiff appeared with counsel. Defendant Streeter appeared. Defendant Streeter does not live at 74 Hillside Drive, Hillside Mobile Home Park, Starksboro, Vermont. No other Defendant appeared. The court entered the following default order against all defendant's other than Mr. Streeter.

> The matter is under advisement. However, Defendant Streeter does not live at the property and agreed that Plaintiff Addison County Community Land Trust may secure the property. As no other Defendant appeared based on the stipulation of Defendant Streeter and Plaintiff, Default is granted against all Defendants other than Mr. Streeter. A writ of possession shall be entered by the clerk authorizing the Sherriff to remove any persons in possession of the premises no sooner than five days after service of the order. Further as no Defendant other than Mr. Streeter appeared the writ of possession may be served by tack order at the residence. Following removal of any persons in possession of the premises, the Plaintiff is authorized to lock or otherwise secure the doors to the premises as agreed by Mr. Streeter. This partial judgment is entered pending further order of the court.

**Analysis**

Plaintiff seeks to evict Defendants, from a mobile home lot in Starksboro,[1] Vermont pursuant to Title 12, as failing to quit after demand has been made for delivery of possession.

---

[1] 10 V.S.A. § 6237 provides for a specific procedure for eviction of a "leaseholder" in a mobile home park. "Leaseholder" is defined as "a resident lawfully occupying a mobile home owned by the park owner or the owner of a mobile home sited on a mobile home lot in a mobile home park regardless of whether the leaseholder has actual possession of a written lease." 10 V.S.A. § 6201(5). Defendants do not occupy the premises lawfully and are therefore not leaseholders. Because they are not leaseholders, the procedure in section 6237 does not apply here.

In Vermont,

> When a person wrongfully and without force obtains or continues in possession of lands or tenements, and does not quit such possession after demand made in writing for the delivery of the possession thereof by the person entitled to such possession or his or her agent or attorney, upon complaint thereof in writing to a district judge, the judge shall hear and determine the same as in cases of forcible entry and detainer, and issue a writ of restitution accordingly.

12 V.S.A. §4921.

The statutes also provide:

> When it is found upon such inquiry that an unlawful and forcible entry has been made, and that such lands, tenements, or other possessions are held and detained by force and strong hand or that the same, after a lawful entry, are held unlawfully and with force, the judge shall cause the party complaining to have restitution thereof.

12 V.S.A. §4913.

The mobile home on the Addison Community Land Trust Lot is owned by Eugene Raymond, who is deceased. Eugene Raymond's son, Eugene Streeter does not live at the property. Eugene Raymond's son Eugene Streeter has started the process to open a probate estate. Eugene Streeter has not held and detained by force 74 Hillside Drive, Starksboro, Vermont. Judgment cannot be issued against him.

Default judgment has been issued against all other residents of 74 Hillside Drive, Starksboro, Vermont. The Sherriff has previously been authorized to remove any persons in possession of the premises no sooner than five days after service of the order. Further as no Defendant other than Mr. Streeter appeared the writ of possession may be served by tack order at the residence. Following removal of any persons in possession of the premises, the Plaintiff is authorized to lock or otherwise secure the doors to the premises as agreed by Mr. Streeter.

Plaintiff seeks possession of the mobile home citing that the party complaining shall be entitled to restitution thereof. That request, by a mobile home lot owner, to be granted possession of a mobile home, when the mobile homeowner has not been made a party to the suit, is not consistent with Vermont law. The legislature has provided safeguards to protect mobile home park owners as "an underlying purpose of the Mobile Home Parks Act" is to give mobile home owners, who can move their homes only at some costs and with some inconvenience, additional protection against arbitrary eviction." See, *State Agency of Dev. & Cmty. Affairs v. Bisson*, 161 Vt. 8, 13-14 (1993). A mobile home shall be deemed abandoned only when certain conditions are met:

> (1) (A) a reasonable person would believe that the mobile home is not occupied as a residence;
> (B) the rent for the lot is at least 30 days delinquent; and
> (C) the park owner has attempted to contact the resident or owner at the resident or owner's home, last known place of employment, and last known mailing address without success; or
> (2) the owner of the mobile home has been evicted from the mobile home park pursuant to section 6237 of this title and the owner has failed to remove or sell the mobile home within three months after the

execution of a writ of possession pursuant to 12 V.S.A. chapter 169 or as otherwise ordered by the court in the ejectment action.

10 V.S.A. § 6248(a)(1)–(2).  Here, the owner of the mobile home has not been evicted, nor has the park owner attempted to contact the owner: Eugene Raymond is deceased and the court cannot determine the identity of the current owner of the mobile home until Eugene Raymond's estate has been settled in probate.  10 V.S.A. § 6249 provides for a separate action in which a mobile home park owner may request an order to sell an abandoned home.  Therefore, possession of the mobile home is not a remedy that the court can grant in the present proceeding.

For those reasons, Plaintiff is not entitled to judgment in terms of possession of the mobile home.  The court has granted default against the Defendants who failed to appear.  They may be removed from the property pursuant to the court's prior order.  The building may be secured as provided in the court's prior order.  This decision is without prejudice to a complaint for abandonment or other action in the future.

## Order

Pursuant to the court's default order against Defendants living at 74 Hillside Drive, Hillside Mobile Home Park, Starksboro, Vermont, default is granted against all Defendants other than Mr. Streeter. A writ of possession shall be entered by the clerk authorizing the Sherriff to remove any persons in possession of the premises no sooner than five days after service of the order. The writ of possession may be served by tack order at the residence. Following removal of any persons in possession of the premises, the Plaintiff is authorized to lock or otherwise secure the doors to the premises.

Judgment is entered in Mr. Streeter's favor as to Plaintiff's complaint against Mr. Streeter.

Electronically Signed 7/24/2024 4:39 PM pursuant to V.R.E.F. 9(d)

John W. Valente
Superior Court Judge